IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| KAISER ALUMINUM CORPORATION, | : | Case No. 02-10429 (JKF) |
| A Delaware Corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | | |
| KAISER ALUMINUM & CHEMICAL CORPORATION, | : : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **ORAL ARGUMENT REQUESTED** |
| | : | |
| | : | |
| PUBLIC UTILITY NO. 1 OF CLARK COUNTY, d/b/a CLARK PUBLIC UTILITIES, | : : : | Objection Deadline: Pursuant to District Court Rules |
| | : | |
| Respondent. | : | |

**MOTION TO WITHDRAW THE REFERENCE OF THE DEBTORS'
MOTION FOR AN ORDER DISALLOWING CLAIMS [Docket No. 7480]
FILED BY CLARK PUBLIC UTILITIES FROM THE UNITED
<u>STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE</u>**

Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities ("Clark"), pursuant to 28 U.S.C. § 157(d), respectfully requests that the United States District Court for the District of Delaware (the "District Court") withdraw the reference to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of the proceeding commenced by debtor Kaiser Aluminum and Chemical Corporation's ("Kaiser") Motion for an Order Disallowing Claims Filed by Clark Public Utilities, filed on October 10, 2005 (Docket No. 7480) (copy attached as **Exh. 1**, the "Claims Objection"). Clark offers this Brief in support of its Motion to Withdraw the Reference (the "Motion").

In order to resolve the substantive issues underlying Clark's proofs of claim filed in this case, the Bankruptcy Court will have to delve deeply into the Federal Power Act, ("FPA") 16 U.S.C. § 791 *et seq*[1] and certain regulations promulgated by the Federal Energy Regulatory Commission, ("FERC"). Clark moves to withdraw the reference of jurisdiction over the substantive liquidation of its claims to the District Court, which is mandated by 28 U.S.C. § 157(d). In the alternative, Clark moves that the reference be withdrawn under the District Court's discretion also pursuant to 28 U.S.C. § 157(d).

Clark has two claims against Kaiser arising out of a power sale transaction that occurred in February 2001 -- the height of the energy crisis on the West Coast and in the Pacific Northwest. First, Clark has a claim for "disgorgement" within the meaning of the FPA because Kaiser sold power to Clark without authority from FERC. Second, Clark is entitled to a "refund" within the meaning of the FPA for the unjust and unreasonable rate Kaiser charged Clark for the power Clark purchased from Kaiser. The precise substantive legal issues that must be decided to resolve these claims are whether Kaiser: (i) was a "seller" of power in a transaction governed by the FPA; (ii) sold power without authority; and (iii) charged an "unjust and unreasonable" rate

---

[1] Specifically, 16 U.S.C §§ 824 & 825.

15364                                    2

for such power. Although Clark believes that Kaiser clearly was a seller of power without FERC authority and charged Clark an unjust and unreasonable rate, Clark acknowledges that this legal question cannot be answered without substantial and material consideration of the FPA, particularly because Kaiser has taken the position both before the Bankruptcy Court and before FERC in a "generic rate" proceeding referred to as the "Puget Sound Proceeding" that it was *not* a seller subject to the FPA and FERC. Therefore, resolution of Clark's claims -- and hence the Claims Objection -- requires substantial and material consideration of the FPA, which must and should be performed by the District Court pursuant to 28 U.S.C. § 157(d).

A Memorandum of Law in support of this Motion is submitted and incorporated herewith.

This Motion shall not constitute a waiver by Clark of: (a) its right to trial by jury in any proceedings, cases or controversies related to the proceedings or case; (b) any other rights, claims, actions, defenses, setoffs, recoupments, refunds or disgorgements which Clark may be entitled under agreements, in law or equity, all of which rights, claims, actions, defenses, setoffs, recoupments, refunds and disgorgements are expressly reserved.

[Remainder Of Page Left Blank Intentionally]

WHEREFORE, Clark respectfully requests entry of an Order: (i) withdrawing the reference to the Bankruptcy Court of the Claims Objection; (ii) staying all proceedings in Kaiser's bankruptcy case related to its Claims Objection; and (iii) granting such other relief as is just and proper.

Dated: Wilmington, Delaware
October 24, 2005

JASPAN SCHLESINGER & HOFFMAN LLP

/s/ Frederick B. Rosner
Frederick B. Rosner (ID No. 3995)
913 North Market Street 12th Floor
Wilmington, DE 19801
Tel: (302) 351-8000
Fax: (302) 351-8010

BRACEWELL & GUILIANI LLP

William A. Wood, III, Esq.
*Pro Hac Vice Application pending*
(Texas Bar ID 21916050)
711 Louisiana Street
Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

George H. Williams, Esq.
2000 K Street, N.W.
Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax: (202) 223-1225

and

15364                                4

THACHER PROFFITT & WOOD LLP

Christopher F. Graham, Esq.
Louis A. Curcio, Esq.
Two World Financial Center
New York, New York 10281
Tel: (212) 912-7400
Fax: (212) 912-7751

*Counsel to Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities*