**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | |
| | : | Jointly Administered |
| **KAISER ALUMINUM CORPORATION,** | : | Case No. 02-10429 (JKF) |
| a Delaware corporation, <u>et al.</u>, | : | |
| | : | |
| Debtors. | : | |
| | : | |
| **KAISER ALUMINUM & CHEMICAL CORPORATION,** | : | Chapter 11 |
| | : | |
| Movant, | : | Hearing Date: 11/14/05 @ 1:30 p.m. |
| | : | Response Date: 10/25/05 @ 4:00 p.m. |
| | : | |
| vs. | : | |
| | : | |
| **PUBLIC UTILITY NO. 1 OF CLARK COUNTY, d/b/a CLARK PUBLIC UTILITIES,** | : | |
| | : | |
| Respondent. | : | |

**AFFIDAVIT OF EDWARD F. HOUFF**

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) ss: |
| COUNTY OF HARRIS | ) |

EDWARD F. HOUFF, being duly sworn, deposes and states as follows:

1. I have been employed by Kaiser Aluminum & Chemical Corporation ("KACC") since October 2001. During my period of employment with KACC, I served as Deputy General Counsel for Litigation from October 2001 through February 11, 2002, and I became Acting General Counsel on February 12, 2002, the date on which KACC and several other Debtors filed for bankruptcy protection under chapter 11 (the "Initial Petition Date"). I served in this position through April 2002, when I became Vice President and General Counsel. I assumed the position of Secretary of KACC in October 2002, and continued to hold this

DLI-5936407v3
RLF1-2931398-1

position, as well as that of Vice President and General Counsel through December 31, 2004. On January 1, 2003, I assumed the additional role of Chief Restructuring Officer, which I continued to hold until December 31, 2004. On January 1, 2005, I assumed the position of Senior Vice President and Chief Restructuring Officer. On August 16, 2005, I left direct employment by KACC, but remain the Chief Restructuring Officer for KACC and the other Debtors under a consulting agreement with a delegation of authority from the Debtors.

2. I make this affidavit in connection with the Verified Motion of Debtor and Debtor in Possession Kaiser Aluminum & Chemical Corporation for an Order Disallowing Claims Filed by Clark Public Utilities (the "Motion"). Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. I am the individual responsible for coordinating and supervising the review and analysis of claims against the Debtors, including the Clark Claims that are the subject of the Motion. Accordingly, I am familiar with the activities that have taken place to date with respect to the Clark Claims described in the Motion and the relief requested therein.

4. To the best of the Debtors' knowledge and belief, the information contained in the Motion is true and correct. Claim No. 3122 and Claim No. 7245, filed by or on behalf of Clark, each seek a refund of allegedly excess profits made by KACC in the sale of BPA power to Clark for the months of August and September 2001. In the June 25th FERC Decision, however, the FERC concluded that ordering refunds on the transactions at issue in the Puget Sound Proceedings would be inequitable. Accordingly, the FERC dismissed the Puget Sound Proceedings and expressly refused to order any refunds, including any refund to Clark.

5. Based on KACC's review of the June 25th FERC Decision and its analysis of the Clark Claims, KACC has determined that Clark has no right to payment on account of the

-3-

Clark Claims. As a result, it is my understanding that the Clark Claims should be disallowed and expunged in their entirety, pursuant to section 502 of the Bankruptcy Code.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Edward F. Houff

Sworn to and subscribed before me
this ___ day of October, 2005.

_____
Notary Public

My commission expires: 5-4-09

CATHERINE GARCIA
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-04-2009