**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Jointly Administered** |
| **KAISER ALUMINUM CORPORATION,** | : | **Case No.  02-10429 (JKF)** |
| **a Delaware corporation, et al.,** | : | |
| | : | |
| Debtors. | : | |
| | : | |
| **KAISER ALUMINUM & CHEMICAL** | : | **Chapter 11** |
| **CORPORATION,** | : | |
| | : | |
| Movant, | : | **Hearing Date:  11/14/05 @ 1:30 p.m.** |
| | : | |
| | : | **Re: Docket No._____; Agenda Item____** |
| vs. | : | |
| | : | |
| **PUBLIC UTILITY NO. 1 OF CLARK** | : | |
| **COUNTY, d/b/a CLARK PUBLIC** | : | |
| **UTILITIES,** | : | |
| Respondent. | | |

### ORDER DISALLOWING CLAIMS FILED BY CLARK PUBLIC UTILITIES

This matter coming before the Court on the Verified Motion of Debtor and Debtor in Possession Kaiser Aluminum & Chemical Corporation for an Order Disallowing Claims Filed by Clark Public Utilities (the "Motion"), filed by debtor Kaiser Aluminum & Chemical Corporation, one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having (a) entered on October 29, 2002 and March 17, 2003, orders establishing January 31, 2003 (for the Debtors that filed in 2002) and May 15, 2003 (for the Debtors that filed in 2003), respectively, as the bar dates by which most entities wishing to assert a claim, other than asbestos-related personal injury claims, must file a proof of claim; and (b) reviewed the Motion, the Affidavit of Edward F. Houff, attached thereto as Exhibit A (the "Houff Affidavit") and all other related pleadings; the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion was adequate under the

circumstances; and the Court having determined that the legal and factual bases set forth in the

Motion and the Houff Affidavit establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    Capitalized terms not otherwise defined herein have the meanings given to

them in the Motion.

3.    Claim No. 3122 and Claim No. 7245 are disallowed in their entirety and

expunged pursuant to section 502 of the Bankruptcy Code.

4.    This Court shall retain jurisdiction over the Debtors and Clark with respect

to any matters relating to or arising from the Motion or the implementation of this Order.

5.    The Debtors, the Debtors' claims and noticing agent, Logan & Company,

Inc. and the Clerk of this Court are authorized to take all actions necessary or appropriate to give

effect to this Order.


Dated: _____, 2005        _____
                                     UNITED STATES BANKRUPTCY JUDGE