# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

KAISER ALUMINUM CORPORATION,
A Delaware Corporation, *et al.,*

                Debtors.

---

KAISER ALUMINUM & CHEMICAL
CORPORATION,

                Movant

vs.

PUBLIC UTILITY NO. 1 OF CLARK COUNTY,
d/b/a CLARK PUBLIC UTILITIES,

                Respondent.

Jointly Administered

Bankruptcy Case No. 02-10429 (JKF)

Chapter 11

ORAL ARGUMENT REQUESTED

## RESPONDENT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO WITHDRAW THE REFERENCE [Docket No.7572]OF THE DEBTORS' MOTION FOR AN ORDER DISALLOWING CLAIMS [Docket No. 7480] FILED BY CLARK PUBLIC UTILITIES FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Dated: Wilmington, Delaware
       November 10, 2005

JASPAN SCHLESINGER & HOFFMAN LLP

/s/ Frederick B. Rosner
Frederick B. Rosner (ID No. 3995)
913 North Market Street 12th Floor
Wilmington, DE 19801
Tel: (302) 351-8000
Fax: (302) 351-8010

BRACEWELL & GUILIANI LLP

William A. Wood, III, Esq.
(Texas Bar ID 21916050)
*Pro Hac Vice Application pending*
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

George H. Williams, Esq.
2000 K Street, N.W., Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax: (202) 223-1225

                    and


THACHER PROFFITT & WOOD LLP

Christopher F. Graham, Esq.
Louis A. Curcio, Esq.
Two World Financial Center
New York, New York 10281
Tel: (212) 912-7400
Fax: (212) 912-7751

*Counsel to Public Utility District No. 1 of
Clark County d/b/a Clark Public Utilities*

Table of Contents

TABLE OF AUTHORITIES ........................................................................................................ii

I. PRELIMINARY STATEMENT ................................................................................................2

II. ADDITIONAL BACKGROUND ............................................................................................2

III. ARGUMENT ..........................................................................................................................3

     1.    Clark's Unauthorized Sale Claim is Not Barred by *Res Judicata*. ...................................3

     2.    Traditional Principles of *Res Judicata* Do Not Apply to FERC.......................................6

     3.    It Is Inequitable to Bar Clark's Claims. .........................................................................8

IV. CONCLUSION .....................................................................................................................11

Table of Authorities

## Federal Cases

Apaydin v. Citibank Federal Savings Bank, 201 B.R. 716 (Bankr. E.D. Pa. 1996) ...................4

Bruszewski v. United States, 181 F.2d 419 (3d Cir. 1950) .............................................8

Clark-Cowlitz Joint Operating Agency v. FERC, 826 F.2d 1074 (D.C. Cir. 1987)...................6

Commissioner of Internal Revenue v. Joseph Sunnen, 333 U.S. 591 (1948) ..................4

Conn. Light & Power Co. v. Federal Power Com'n, 557 F.2d 349 (2d Cir. 1977) ..................4,6

FCC v. Pottsville Broadcasting Co., 309 U.S. 134 (1940) .............................................6

Federal Power Com'n v. Sierra Public Power Co., 350 U.S. 348 (1956) ........................5

In re Continental Airlines, Inc., 145 B.R. 404 (D. Del. 1992) .......................................3

In re Philip Services (Delaware), Inc., 267 B.R. 62 (Bankr. D. Del. 2001) ...................4

In re Worldwide Direct, Inc., 280 B.R. 819 (D. Del. 2002) ...........................................3

Labelle Processing Co. v. Swarrow, 72 F.3d 308 (3d Cir. 1996)...............................3, 5

Mathews v. Eldridge, 424 U.S. 319 (1976) ................................................................6

Purter v. Heckler, 771 F.2d 682 (3d Cir. 1985)........................................................4, 8

Stuckey v. Weinburger, 488 F.2d 904 (9th Cir. 1973) .................................................6

## Federal Statutes

16 U.S.C. §824 (2004).................................................................................................6

## Other Authorities

Alamito Co., 43 FERC ¶ 61,274 (1988).......................................................................8

Central Kansas Power Co., 5 FERC ¶ 61,291 (1978)....................................................8

Gaviota Terminal Co., 75 FERC ¶ 63,008 (1996)........................................................8

Western Pool Agreement, 103 FERC ¶ 61,348 (2003) .................................2, 3, 8, 9, 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

**In re:**

**KAISER ALUMINUM CORPORATION,**
**A Delaware Corporation,** *et al.,*

        **Debtors.**

---

**KAISER ALUMINUM & CHEMICAL**
**CORPORATION,**

        **Movant**

**vs.**

**PUBLIC UTILITY NO. 1 OF CLARK COUNTY,**
**d/b/a CLARK PUBLIC UTILITIES,**

        **Respondent.**

**Jointly Administered**

**Bankruptcy Case No. 02-10429 (JKF)**

**Chapter 11**

**ORAL ARGUMENT REQUESTED**

**RESPONDENT'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO WITHDRAW THE REFERENCE [Docket No.7572]OF
THE DEBTORS' MOTION FOR AN ORDER DISALLOWING
CLAIMS [Docket No. 7480] FILED BY CLARK PUBLIC UTILITIES FROM THE
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

      Respondent Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities

("Clark"), respectfully submits this reply brief (1) in further support of its motion ("Motion to

Withdraw") that the United States District Court for the District of Delaware (the "District

Court") withdraw the automatic reference to the United States Bankruptcy Court for the District

of Delaware (the "Bankruptcy Court") with respect to the proceeding commenced by debtor

Kaiser Aluminum and Chemical Corporation's ("Kaiser") Motion for an Order Disallowing

Claims Filed by Clark Public Utilities, filed on October 10, 2005 (Docket No. 7480) (the

"Claims Objection"); and (2) in reply to the brief by Kaiser dated November 3, 2005 [Docket

No.7644] (the "Response").

# I.
## PRELIMINARY STATEMENT

Kaiser's Response is predicated entirely on the doctrine of *res judicata*: it wrongly argues that because of the Federal Energy Regulatory Commission ("FERC")'s ruling in the Puget Sound Proceeding, *both* of Clark's claims against Kaiser are barred.  But Kaiser's Response ignores the well-established principles that *res judicata* (1) does not apply to claims that could not have been brought in the first case (*i.e.,* the Unauthorized Sale Claim) nor (2) does not apply to administrative proceedings (such as the Puget Sound Proceeding).  In any event, given the positions Kaiser has taken in this case against Clark - - to deny an airing of claims before FERC - - *res judicata* should not be applied.

# II.
## ADDITIONAL BACKGROUND

In addition to the background information provided in the Motion to Withdraw, which is incorporated herein by reference, Clark must correct misstatements in Kaiser's Response. Kaiser's Response declares that the Puget Sound Proceeding resolved, once and for all, Clark's Unauthorized Sale Claim.  That is incorrect.  The sole purpose of the Puget Sound Proceedings was to determine whether rates charged for the sale of energy in the Pacific Northwest during 2000 and 2001 were unjust and unreasonable.  *See Puget Sound Energy Inc. v. All Jurisdictional Sellers of Energy and/or Capacity at Wholesale Into Electric Energy and/or Capacity Markets in the Pacific Northwest, Including Parties to the Western Pool Agreement*, 103 FERC ¶ 61,348 at p. 53 (2003); *see also Order on Issues*, Docket Nos. EL01-10-000, EL01-10-001 (Aug. 23, 2001).

2

Clark's Unauthorized Rate Claim is a separate cause of action – not having to do with Puget Sound's inquiry into the reasonableness of the rate charged for the transaction – but rather with the presence or absence of FERC authority to undertake the transaction in the first place. The Unauthorized Rate Claim had no place in the Puget Sound Proceeding and was not addressed there.

Furthermore, Clark sought permission from the Bankruptcy Court to file a separate complaint with FERC to address the Unauthorized Rate Claim, which the Bankruptcy Court denied at the July 23, 2002 hearing.  Kaiser has opposed Clark's attempts to have the Unauthorized Sale Claim heard by FERC and has successfully used the shield of the automatic stay to keep the Unauthorized Sale Claim from being heard – to argue now that the Unauthorized Sale Claim is barred by *res judicata* totally ignores the history of this dispute and the legal effect of the Puget Sound Proceeding and the Bankruptcy Court's prior rulings.

## III.
## ARGUMENT

1. Clark's Unauthorized Sale Claim is Not Barred by *Res Judicata.*

Clark's claims are not barred by *res judicata*.  It is well-established that *res judicata* "precludes parties from contesting matters that they have had a <u>full</u> <u>and</u> <u>fair</u> opportunity to litigate." *In re Continental Airlines, Inc.*, 145 B.R. 404, 409 (D. Del. 1992) (emphasis added) (*citing Montana v. United States*, 440 U.S. 147, 153 (1979)).  *Res judicata* "is a judicial doctrine which precludes a party from re-litigating claims that were or could have been asserted in an earlier action." *In re Worldwide Direct, Inc.*, 280 B.R. 819, 821 n.3 (D. Del. 2002).  *Res judicata* will also bar subsequent suits "where there has been a final judgment on the merits in the prior suit." *Labelle Processing Co. v. Swarrow*, 72 F.3d 308, 313 (3d Cir. 1996).  Thus, *res judicata*

3

only precludes further claims when "one has been given the opportunity to fully present his case in a court and the contested issue is decided against him." *Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985).

The Third Circuit has adopted a three-pronged test whereby claims will not be barred by *res judicata* unless the party pleading *res judicata* can demonstrate that there has been:

> (1)    a final judgment on the merits of a prior action;
>
> (2)    involving the same parties or their privies; and
>
> (3)    a subsequent suit based on the same cause of action.

*In re Philip Services (Delaware), Inc.*, 267 B.R. 62, 68 (Bankr. D. Del. 2001) (*citing Board of Trustees of Trucking Employees of New Jersey Welfare Fund, Inc. Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)). Under the requirements of the Third Circuit's test, *res judicata* "only bars the litigation of claims that could have actually been raised in a prior proceeding." *Apaydin v. Citibank Federal Savings Bank*, 201 B.R. 716, 721 (Bankr. E.D. Pa. 1996).

When a litigant is unable to bring a claim in the first proceeding, "*res judicata* is not a bar to the assertion of that claim in a separate and subsequent law suit." *Id.* Consequently, *res judicata* will not bar a new cause of action even if it arises from the same transaction if that cause of action could not have been raised in the prior suit. *See Labelle Processing Co.* 72 F.3d at 314. *See also Conn. Light & Power Co. v. Federal Power Com'n*, 557 F.2d 349, 353 (2d Cir. 1977) (deciding that *res judicata* "is operative only as to facts that were actually litigated and decided. Facts which might have been decided, but were not, are not precluded"); *Commissioner of Internal Revenue v. Joseph Sunnen*, 333 U.S. 591, 598 (1948) ("where the second action between the same parties is upon a different cause or demand ... the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but

4

'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered'").

In the Puget Sound Proceeding, FERC addressed only claims under Section 205 of the Federal Power Act related to alleged unjust or unreasonable rates charged for power in the Pacific Northwest power market in 2000 and 2001. *See Order on Issues*, Docket Nos. EL01-10-000, EL01-10-001 (Aug. 23 2001). The relief sought was a refund of charges in excess of the just and reasonable rate. *Direct Case and Demand for Refunds of Clark Public Utilities*, FERC Docket Nos. EL01-10-000, EL01-10-001 (Aug. 17, 2001). Clark's Unauthorized Sale Claim, on the other hand, has nothing to do with "unjust and unreasonable" rates. The Unauthorized Sale Claim asserted here relies on a different statutory basis, Section 201 of the Federal Power Act, which calls for a different remedy (disgorgement of all profit), and is therefore a different cause of action. Even under traditional rules of preclusion, *res judicata* would not apply to the different cause of action represented by the Unauthorized Sale Claim.

2.    Traditional Principles of *Res Judicata* Do Not Apply to FERC.

In any event, Article III court principles of *res judicata* do not even apply to FERC. Generally, administrative agencies such as FERC operate to carry out the mandates of the federal statutes that grant them their authority. 1 Richard J. Pierce, Jr., Administrative Law Treatise §§ 2.6, 3.1 (4th ed. 2002). To carry out their mandates, administrative agencies function as quasi-judicial entities, as well as rulemaking and investigating bodies. *Id.* at § 2.8. As here relevant, FERC is charged under the Federal Power Act with the mandate to serve the public at large, not merely the narrow interests of individual parties (which is different from the purview of Article III courts). *See* Section 201 of the Federal Power Act, 16 U.S.C. §824 (2004); *Federal Power Com'n v. Sierra Public Power Co.*, 350 U.S. 348 (1956) ("that the purpose of the power given

the Commission by [statutory mandate] is the protection of the public interest, as distinguished from the private interest … is evidenced by the recital in § 201 of the Act that the scheme of regulation imposed 'is necessary in the public interest'").

Because FERC is an agency and operates in a quasi-judicial sphere, the rules that apply to more traditional courts do not necessarily apply to matters brought before FERC. *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (noting that differences in the origin and function of administrative agencies "preclude wholesale transplantation of the rules of procedure, trial, and review which have evolved from the history and experience of courts" (quoting *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 143 (1940))). Kaiser fails to recognize that because FERC is a quasi-judicial agency, it is not bound by *res judicata* in the same fashion as Article III courts. *Stuckey v. Weinburger*, 488 F.2d 904, 911 (9th Cir. 1973) ("when applied to administrative decisions, the *res judicata* doctrine is not as rigid as it is with courts; there is much flexibility which is intended to adapt the doctrine to the unique problems of administrative justice"). *See also Conn. Light & Power Co.*, 557 F.2d at 353 (finding that because "the conclusive effect of an administrative determination is limited to the purpose for which it was made," *res judicata* did not apply to a later hydroelectric license application that presented different issues than were presented by an earlier application for the same project).

The distinction between the application of *res judicata* to administrative proceedings versus Article III courts is confirmed in *Clark-Cowlitz Joint Operating Agency v. FERC*, 826 F.2d 1074, *en banc* (D.C. Cir. 1987), *cert. denied* 485 U.S. 913 (1988). In *Clark-Cowlitz*, the United States Court of Appeals for the D.C. Circuit, sitting *en banc*, explained that "as a general matter preclusion principles are to be applied more flexibly to administrative adjudications than to judicial proceedings." *Id.* at 1080 n.5. Indeed, the Court in *Clark-Cowlitz* concluded that the

6

doctrine of *res judicata* does not bar FERC from applying, in a subsequent proceeding, a new interpretation of the same law, involving the same parties, the same factual context, and the same cause of action. *Id*. at 1079.

FERC itself has made clear, in the very cases cited by Kaiser, that traditional court principles of *res judicata* do not apply to FERC. For example, Kaiser selectively quotes from *Alamito Co.*, 43 FERC ¶ 61,274 (1988), omitting the following language from that decision: "[t]he basis for this position is not the doctrine of *res judicata*, collateral estoppel, *stare decisis*, or law of the case, but the fact that it is contrary to sound administrative practice and a waste of resources to relitigate issues in succeeding cases once those issues have been fully determined." *Id*. at 61,753 (emphasis added). Similarly, in *Gaviota Terminal Co.*, 75 FERC ¶ 63,008 (1996), FERC explained that it would deny relitigation of already decided issues "not [on] the doctrine of *res judicata* . . ." but on considerations of sound administrative practice and waste. *Id*. at 65,027. *Central Kansas Power Co.*, 5 FERC ¶ 61,291 (1978) is to the same effect. In that case, a utility litigated in one proceeding a proposed rate increase to a particular customer. In a subsequent proceeding, the same utility proposed another rate increase to the same customer. FERC declined to hear some of the claims of the utility, not on the grounds on *res judicata*, but rather because it "would ill serve the goal of administrative efficiency." *Id*. at 61,621.

In all of the FERC cases cited by Kaiser, FERC's decision not to consider issues was not based on *res judicata*, but rather based on administrative concerns. Thus, as it applies to FERC, claim preclusion is a matter peculiarly within the agency's bailiwick, and is not capable of being imputed by Kaiser on this court.

Under the courts' and FERC's clear standards, *res judicata* should not bar either the Unauthorized Sale Claim or the unjust and unreasonable rate claim because barring those claims

7

would neither contradict sound administrative practice nor waste resources for FERC or the District Court because FERC never heard the Unauthorized Sale Claim and never reached the substance of the unjust and unreasonable rate claim.


3.    It Is Inequitable to Bar Clark's Claims.

Equity also favors adjudicating Clark's claims on their actual merits. The Third Circuit has rejected *res judicata* defenses to claims where "some overriding consideration of fairness to a litigant dictates a different result in the circumstances of a particular case." *See, e.g. Bruszewski v. United States*, 181 F.2d 419, 421 (3d Cir. 1950). Ultimately, *res judicata* "is a rule of fundamental and substantial justice . . . rather than a technical rule." *Purter*, 771 F.2d at 690.

As noted above, all the claimants who argued in the Puget Sound Proceedings that they were charged unjust and unreasonable rates were denied refunds without an examination of the claims' merits due to the inherent complexities of granting refunds with such a broad stroke. The FERC ruling did not expressly mention Clark or any of the merits or details of Clark's unjust and unreasonable claim or Kaiser's conduct. *Puget Sound*, 103 FERC at 62,367. Other parties to the Puget Sound Proceeding have appealed FERC's decision to the United States Court of Appeals for the Ninth Circuit; however, the Bankruptcy Court denied Clark's request for relief from the automatic stay to participate in the appeals process; Clark should not now be prejudiced by that decision as it was not allowed to appeal.

Just as Clark notes in its response to Kaiser's claims objection, the Official Committee of Unsecured Creditors' (the "Committee") and Kaiser's current attempts to squash Clark's attempt to have its claims determined on their merits are inequitable given their past procedural posture in this case. Since the beginning of the bankruptcy case, Clark has adamantly tried to preserve its right to litigate and liquidate its claims against Kaiser before FERC. Clark filed no fewer than

8

three motions to lift the automatic stay so that it could participate fully in the Puget Sound

Proceeding, in which FERC considered whether sellers of electrical power in the Pacific

Northwest charged unjust and unreasonable rates for such power from December 2000 through

June 2001.[1]  At every turn, Kaiser and the Creditors' Committee vehemently objected and sought

to limit Clark's claims.

In fact, Kaiser argued before this Court that Clark should wait until the resolution of the

Puget Sound Proceeding and the Bankruptcy Court objection process to take up Clark's claims.

According to Kaiser's pleadings dated July 16, 2002:

> Furthermore, at a minimum the stay should be maintained until the FERC rules in the Puget Sound Proceeding.  The ruling will certainly affect Clark's new theory for its claims and *could completely moot the need for a new proceeding (e.g., if the FERC rules that KACC was not the seller).  There is likewise no need for Clark to rush to liquidate its [Unauthorized Sale Claim] at this early stage of the Debtor's chapter 11 cases.*  No claims bar date has been set and given the complicated issues involved . . . the Debtors' restructuring and claim resolution process will take a substantial period of time.  Maintenance of the stay until the FERC at least has the opportunity to rule in the Puget Sound Proceeding will not prejudice Clark.

*See* Objection of the Debtor and Debtor in Possession Kaiser Aluminum and Chemical

Corporation to Motion of Public Utility District No. 1 of Clark County for Limited Relief from

the Automatic Stay (D.I. 644) (dated July 16, 2002) (Docket No. 795) at ¶ 38 (emphasis added).

In a final blow to Clark's attempts to maintain its full panoply of non-bankruptcy rights in the

Puget Sound Proceeding, Kaiser objected (on July 23, 2003) to Clark's request[2] to perfect its

---

[1]  On June 14, 2002, Public Utility District No. 1 of Clark County filed its Motion of Public Utility District No. 1 of Clark County for Limited Relief from the Automatic Stay Protecting Kaiser Aluminum and Chemical Corporation found at Docket No. 644.

On January 7, 2003, Public Utility District No. 1 of Clark County filed its Emergency Motion of Public Utility District No. 1 of Clark County for Limited Relief from the Automatic Stay Protecting Kaiser Aluminum and Chemical Corporation found at Docket No. 1555.

On July 18, 2003, Public Utility District No. 1 of Clark County filed its Emergency Motion of Public Utility District No. 1 of Clark County for Limited Relief from the Automatic Stay Protecting Kaiser Aluminum and Chemical Corporation found at Docket No. 2598.

[2]  *See* Emergency Motion of Public Utility District No. 1 of Clark County for Limited Relief from the Automatic

right to bring an appeal of the June 25th Decision rendered by FERC in the Puget Sound Proceeding,[3] which found that the issue of whether providers of electrical power in the Pacific Northwest charged unjust and unreasonable rates was simply too complicated to untangle and, therefore, no refunds would be awarded.[4] The Bankruptcy Court granted Kaiser's objection and denied Clark's motion for relief on July 23, 2003.

Of equal importance, Clark's Unauthorized Sale Claim is distinct from the Puget Sound Proceedings. Clark's Unauthorized Sale Claim is based on a completely different legal cause of action (Clark need not prove that the rates Kaiser charged were unjust and unreasonable) and -- a different remedy (not refunds for charges in excess of unjust rates, but disgorgement of all profit). In order to compel Kaiser to disgorge profits, there only needs to be a finding that Kaiser sold power without legal authority. Kaiser has made it clear in SEC filings and Annual Reports that it did sell power and has not demonstrated or referred to any evidence that suggests that its power sales were legally authorized.

In light of Kaiser's repeated waffling – urging Clark to file its proofs of claim and wait for the claims resolution process, while simultaneously arguing that the Puget Sound Proceeding would be the determinative forum, yet objecting to all of Clark's claims and objecting to all of Clark's requests to participate in that forum – its current *res judicata* argument is disingenuous. As Clark noted in its response to Kaiser's objection to its claims, Kaiser should be bound by the Puget Sound Proceeding in this claims resolution process to the same extent it has argued Clark should be bound. The Puget Sound Proceeding did not make any legal determinations of Clark's

---

Stay (Docket No. 2598) (dated July 18, 2003).

[3] *See* Objection of Debtor and Debtor in Possession Kaiser Aluminum & Chemical Corporation to Emergency Motion of Public Utility District No. 1 of Clark County for Limited Relief from the Automatic Stay (Docket No. 2612).

[4] FERC chose not to issue any refunds because it did not want to untangle the complex transactions that had taken place among numerous participating parties and the adverse consequences such action would have on the market. FERC specifically ruled that "even if prices were unjust and unreasonable, it is not possible to fashion a remedy that would be equitable to all the participants in the Pacific Northwest market." 103 FERC ¶ 61,348, at P 53 (2003).

claims on the merits and, therefore, does not have *res judicata* effect as to any of Clark's claims.

## IV.
## CONCLUSION

For all of the foregoing reasons, Clark respectfully further requests entry of an Order: (i) withdrawing the reference to the Bankruptcy Court of the Claims Objection; (ii) staying all proceedings in Kaiser's bankruptcy case related to its Claims Objection; and (iii) granting such other relief as is just and proper.

Dated: Wilmington, Delaware
      November 10, 2005

JASPAN SCHLESINGER & HOFFMAN LLP


/s/ Frederick B. Rosner
Frederick B. Rosner (ID No. 3995)
913 North Market Street 12th Floor
Wilmington, DE 19801
Tel: (302) 351-8000
Fax: (302) 351-8010

BRACEWELL & GUILIANI LLP

William A. Wood, III, Esq.
(Texas Bar ID 21916050)
*Pro Hac Vice Application pending*
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

George H. Williams, Esq.
2000 K Street, N.W., Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax: (202) 223-1225

and

11

THACHER PROFFITT & WOOD LLP

Christopher F. Graham, Esq.
Louis A. Curcio, Esq.
Two World Financial Center
New York, New York 10281
Tel: (212) 912-7400
Fax: (212) 912-7751

*Counsel to Public Utility District No. 1 of
Clark County d/b/a Clark Public Utilities*

12