IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KAISER ALUMINUM CORPORATION,<br>A Delaware Corporation, *et al.*,<br><br>                Debtors.<br><br>KAISER ALUMINUM & CHEMICAL CORPORATION,<br><br>                Movant<br><br>vs.<br><br>PUBLIC UTILITY NO. 1 OF CLARK COUNTY,<br>d/b/a CLARK PUBLIC UTILITIES,<br><br>                Respondent. | Jointly Administered<br><br>Bankruptcy Case No. 02-10429<br><br>Chapter 11<br><br>District Court No. 05-836 |

**EMERGENCY MOTION OF CLARK PUBLIC UTILITIES
TO STAY FURTHER PROCEEDINGS RELATED TO THE DEBTORS' MOTION
FOR AN ORDER DISALLOWING CLAIMS PENDING
<u>DETERMINATION OF MOTION TO WITHDRAW THE REFERENCE</u>**

Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities ("Clark"), pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure, respectfully requests the United States District Court for the District of Delaware (the "District Court") to stay further proceedings commenced by debtor Kaiser Aluminum and Chemical Corporation's ("Kaiser") Motion for an Order Disallowing Claims Filed by Clark Public Utilities, filed on October 10, 2005 (the "Claims Objection", copy attached as Exh. 1 to the Brief in Support of Emergency Motion of Clark Public Utilities for Stay of the Debtors' Motion for an Order Disallowing Claims, the "Emergency Motion").

Clark makes this Emergency Motion so that its Motion to Withdraw Reference of the Debtors' Motion for an Order Disallowing Claims Filed by Clark Public Utilities (the "Motion to Withdraw"), which was filed by Clark on October 24, 2005, can be adjudicated by this Court without being mooted by a Bankruptcy Court decision on the Claims Objection while the Motion to Withdraw is *sub judice* with this Court. The Motion to Withdraw seeks to withdraw the reference to the Bankruptcy Court so that significant issues under the Federal Power Act, 16 U.S.C. § 791 *et seq.*,[1] (the "FPA") raised in Clark's proofs of claim, and contested by the Claims Objection, may be resolved by this Court.

Clark has two claims against Kaiser arising out of a power sale transaction that occurred in February 2001 -- the height of the energy crisis on the West Coast and in the Pacific Northwest. First, Clark has a claim for "disgorgement" within the meaning of the FPA because Kaiser sold power to Clark without the statutorily required authority from FERC. Second, Clark is entitled to a "refund" within the meaning of the FPA for the unjust and unreasonable rate Kaiser charged Clark for the power Clark purchased from Kaiser.

---

[1] Specifically, 16 U.S.C. §§ 824 & 825.

15785                                                                    2

Clark previously sought a stay from the Bankruptcy Court, pursuant to Bankruptcy Rule 5011(c). (Docket No. 7596.) The Bankruptcy Court refused to grant Clark's Emergency Motion (*see* Order dated November 21, 2005 (Docket No. 7777, attached as Exh. 2) reasoning that "unless and until the District Court physically does an order that withdraws the reference, I keep going. So you're not going to get a stay, and I am going to keep going[.]" (*See* Tr. from hearing held on November 14, 2005 ("Tr.") at 18-19). However, this Court should grant Clark's Emergency Motion because Clark satisfies the standard that has been adopted by the Third Circuit with respect to Bankruptcy Rule 5011(c) for stays of bankruptcy proceedings pending District Court determination of a motion to withdraw the reference.

A stay should be granted because it is likely that the District Court will withdraw the reference to the Bankruptcy Court because the substance of Clark's claims and Kaiser's Claims Objection exclusively concerns interpreting non-bankruptcy Federal law -- *i.e.*, the FPA. Indeed, the legal substance underlying Clark's claims against Kaiser concern only the FPA which the Bankruptcy Court recognized -- "I agree that the claim is based on the Federal Power Act." Tr. at 16. The Bankruptcy Court also noted that "[FERC is] the regulatory agency with the expertise and I really think the issue belongs there." *Transcript of* March 17, 2003 Hearing at 21-22.

A Brief in support of this Emergency Motion is submitted and incorporated herewith.

This Emergency Motion shall not constitute a waiver by Clark of: (a) its right to trial by jury in any proceedings, cases or controversies related to the proceeding or case; (b) any other rights, claims, actions, defenses, setoffs, recoupments, refunds or disgorgements which Clark may be entitled under agreements, in law or equity, all of which rights, claims, actions, defenses, setoffs, recoupments, refunds and disgorgements are expressly reserved.

WHEREFORE, Clark respectfully requests entry of an Order: (i) staying all proceedings in Kaiser's bankruptcy case related to its Claims Objection; and (ii) granting such other relief as is just and proper.

Dated: Wilmington, Delaware
December 5, 2005

JASPAN SCHLESINGER & HOFFMAN LLP

*/s/ Frederick B. Rosner*
Frederick B. Rosner (ID No. 3995)

913 North Market Street 12th Floor
Wilmington, DE 19801
Tel: (302) 351-8000
Fax: (302) 351-8010

BRACEWELL & GUILIANI LLP

William A. Wood, III, Esq.
*Pro Hac Vice* Application pending
(Texas Bar ID 21916050)
711 Louisiana Street
Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

George H. Williams, Esq.
2000 K Street, N.W.
Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax: (202) 223-1225

15785                                4

and

THACHER PROFFITT & WOOD LLP

Christopher F. Graham, Esq.
Louis A. Curcio, Esq.
Two World Financial Center
New York, New York 10281
Tel: (212) 912-7400
Fax: (212) 912-7751

*Counsel to Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities*

15785