IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KAISER ALUMINUM CORPORATION,<br>A Delaware Corporation, *et al.*,<br><br>                Debtors.<br><br>KAISER ALUMINUM & CHEMICAL CORPORATION,<br><br>                Movant<br><br>vs.<br><br>PUBLIC UTILITY NO. 1 OF CLARK COUNTY, d/b/a CLARK PUBLIC UTILITIES,<br><br>                Respondent. | Jointly Administered<br><br>Bankruptcy Case No. 02-10429<br><br>Chapter 11<br><br>District Court No. 05-836 |

**MOTION FOR EXPEDITED HEARING FOR EMERGENCY MOTION
OF CLARK PUBLIC UTILITIES FOR STAY OF THE DEBTORS'
<u>MOTION FOR AN ORDER DISALLOWING CLAIMS</u>**

Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities ("Clark") respectfully requests the United States District Court for the District of Delaware (the "District Court") for an expedited hearing of the Emergency Motion of Clark Public Utilities for Stay of the Debtors' Motion for an Order Disallowing Claims (the "Emergency Motion") in order to stay the proceeding commenced by debtor Kaiser Aluminum and Chemical Corporation's ("Kaiser") Motion for an Order Disallowing Claims Filed by Clark Public Utilities, filed on October 10, 2005 (the "Claims Objection").

Clark makes the Emergency Motion so that its Motion to Withdraw Reference of the Debtors' Motion for an Order Disallowing Claims Filed by Clark Public Utilities (the "Motion to Withdraw"), which was filed by Clark on October 24, 2005, can be adjudicated by this Court without being mooted by a Bankruptcy Court decision on the Claims Objection while the Motion to Withdraw is *sub judice* with this Court. The Motion to Withdraw seeks to withdraw the reference to the Bankruptcy Court so that significant issues under the Federal Power Act, 16 U.S.C. § 791 *et seq.*,[1] (the "FPA") raised in Clark's proofs of claim, and contested by the Claims Objection, may be resolved by this Court.

Clark has two claims against Kaiser arising out of a power sale transaction that occurred in February 2001 -- the height of the energy crisis on the West Coast and in the Pacific Northwest. First, Clark has a claim for "disgorgement" within the meaning of the FPA because Kaiser sold power to Clark without the statutorily required authority from FERC. Second, Clark is entitled to a "refund" within the meaning of the FPA for the unjust and unreasonable rate Kaiser charged Clark for the power Clark purchased from Kaiser.

---

[1] Specifically, 16 U.S.C. §§ 824 & 825.

::ODMA\PCDOCS\PCDOCS\15786\1                                2

On October 10, 2005, Kaiser filed the Claims Objection (Docket No. 7480). On October 24, 2005, Clark filed the Motion to Withdraw (Docket No. 7572), a Brief in Support of the Motion to Withdraw (Docket No. 7583), and Brief and Motion for Determination that the Claims Objection is a Non-Core Proceeding (Docket Nos. 7582 & 7698). On October 25, 2005, Clark filed a Response to the Claims Objection (Docket No. 7593), an Emergency Motion to Stay the Claims Objection (Docket No. 7596), and a Motion to Shorten Notice with Respect to its Emergency Motion to Stay the Claims Objection (Docket No. 7595).

At the November 14, 2005 omnibus hearing, the Bankruptcy Court ruled that the Claims Objection was a core proceeding and notwithstanding the pending motion to withdraw the reference, the Bankruptcy Court set a briefing schedule for summary judgment to determine the claims that are the subject of the Motion to Withdraw. The Bankruptcy Court also denied the Emergency Motion to Stay the Claims Objection (Docket No. 7777).

Clark therefore requests that the District Court stay further proceedings related to the Claims Objection while the Motion to Withdraw is pending.

This Motion for an Expedited Hearing shall not constitute a waiver by Clark of: (a) its right to trial by jury in any proceedings, cases or controversies related to the proceeding or case; (b) any other rights, claims, actions, defenses, setoffs, recoupments, refunds or disgorgements which Clark may be entitled under agreements, in law or equity, all of which rights, claims, actions, defenses, setoffs, recoupments, refunds and disgorgements are expressly reserved.

WHEREFORE, Clark respectfully requests entry of an Order: (i) expediting a hearing of the Emergency Motion; and (ii) granting such other relief as is just and proper.

Dated: Wilmington, Delaware
December 5, 2005

JASPAN SCHLESINGER & HOFFMAN LLP

*/s/Frederick B. Rosner*
Frederick B. Rosner (ID No. 3995)

913 North Market Street 12th Floor
Wilmington, DE 19801
Tel: (302) 351-8000
Fax: (302) 351-8010

BRACEWELL & GUILIANI LLP

William A. Wood, III, Esq.
*Pro Hac Vice* Application pending
(Texas Bar ID 21916050)
711 Louisiana Street
Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

George H. Williams, Esq.
2000 K Street, N.W.
Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax: (202) 223-1225

and

THACHER PROFFITT & WOOD LLP

Christopher F. Graham, Esq.
Louis A. Curcio, Esq.
Philip J. Bezanson, Esq.
Two World Financial Center
New York, New York 10281
Tel: (212) 912-7400
Fax: (212) 912-7751

*Counsel to Public Utility District No. 1 of Clark County d/b/a Clark Public Utilitie*