Docket Nos EL01-10-000 and EL01-10-001
- 3 -

4      In its motion, Tacoma identifies multiple grounds for reopening the evidentiary record in Docket No. EL01-10, et al. Among those are: (1) the release of documents obtained as part of the Staff investigation in Docket No. PA02-2-000; (2) the issuance of the Commission Staff's initial report in that docket, (3) the initiation of separate proceedings to investigate instances of possible misconduct of the companies named in those proceedings, which are also respondents in the EL01-10, et al docket; and (4) the Commission solicitation of comments on whether the Commission should change the method for determining refunds in the California refund proceedings  Tacoma also argues that the expedited nature of the proceedings that the Commission ordered contributed to material evidence being unavailable to the Presiding Judge in the EL01-10, et al  docket hearing  Tacoma also adds that the recommendations of the Presiding Judge in this proceeding are inconsistent with the determination the Commission made in Docket No. EL02-28, et al,[4] setting for hearing the issue of whether the dysfunctional California spot markets adversely affected the long-term bilateral markets  Tacoma concludes that its motion and supplements thereto provide sufficient evidence to warrant further investigation and discovery into the actions of Pacific Northwest market participants.

5.      On May 24, 2002 the City of Seattle, Washington (Seattle) filed a motion requesting that it be allowed to supplement the record or, alternatively, that the Commission reopen the evidentiary record to allow for a hearing before the Presiding Judge  On June 24, 2002, Public Utility District No  1 of Grays Harbor County, Washington (Grays Harbor) also filed a motion in this proceeding, requesting that the Commission reopen the evidentiary record  In particular, Seattle and Grays Harbor seek to supplement the evidentiary record with evidence developed in the PA02-2-000 Staff investigation and related proceedings

**Answers In Support**

---

[4] Nevada Power Co  and Sierra Pacific Power Co  v  Duke Energy Trading and Mktg, L P , et al , 99 FERC ¶61,047, order on reh'g 100 FERC ¶ 61,273 (2002), reh'g pending.

Docket Nos. EL01-10-000 and EL01-10-001
- 4 -

6.    California Parties[5] and Attorney General of Washington (Washington AG) support Tacoma's motion.  In their opinion, the reasons offered by Tacoma for reopening the evidentiary record are compelling.  In particular, Washington AG argues that the Presiding Judge's recommendations are undermined by evidence obtained in Docket PA02-2-000 and that Pacific Northwest utilities should be treated equally with the utilities that have claimed refunds in the EL00-95, et al. docket proceeding. Washington Utilities and Transportation Commission, the Oregon Office of Energy, and the Oregon Public Utilities Commission (jointly, Washington Commission) do not oppose Tacoma's motion but urge the Commission to reopen the evidentiary record only for the purpose of investigating the facts and consequences of market manipulation and to focus its remedies, if any, only on wrongdoers.  The Washington Commission would oppose imposition of refunds based on spot market transactions.

Answers in Opposition

_____

[5]California Parties include the People of the State of California, ex rel. Bill Lockyer, Attorney General, and the California Electricity Oversight Board

Docket Nos EL01-10-000 and EL01-10-001
- 5 -

7    Puget Sound argues that the evidentiary record should not be reopened because the overwhelming majority of market participants, including public power entities, opposed initiation of a wholesale refund proceeding in these dockets in the first place  The Indicated Marketers,[6] Transaction Finality Group (TFG),[7] and Mirant argue that the movants have failed to demonstrate the extraordinary circumstances necessary to reopen the evidentiary record in this proceeding, as required by Commission precedent.[8]  Similarly, TransCanada Energy Ltd (TransCanada) asserts that Tacoma's motion fails to provide appropriate justification for its request.  In TFG's and Indicated Marketers' opinion, the movants should also have established a logical or factual nexus between alleged market manipulation in the California Independent System Operator and California Power Exchange markets and alleged dysfunctions in the Pacific Northwest markets  Eugene Water and Electric Board, Coral Power (Coral), and TFG argue that there is no purpose to reopening the Puget Sound docket prior to the completion of the Staff investigation in the PA02-2-000 docket  TFG believes that a different approach would create uncertainty.

**Procedural Matters**

8    On June 3, 2002. the Bonneville Power Administration (BPA) filed an untimely

---

[6]The Indicated Marketers include Mirant Americas Energy Marketing, L P  (Mirant); TransAlta Energy Marketing (U S ) Inc ; and Morgan Stanley Capital Group Inc

[7]The TFG is composed of Alcoa, Inc ; Avista Energy, Inc ; Columbia Falls Aluminum Company, LLC; Coral Power, LLC; Duke Energy Trading and Marketing,L L C ; Edison Mission Marketing & Trading, Inc ; Exelon Corporation on behalf of Exelon Generation Company, LLC; PECO Energy Company and Commonwealth Edison Company; IDACORP Energy, L P ; Pinnacle West Capital Corporation/Arizona Public Service Company; Portland General Electric Company; PPL Montana, LLC and PPL Energy Plus, L L C; Public Service Company of Colorado; Public Service Company of New Mexico; Puget Sound Energy, Inc ; Trans Canada Energy Ltd ; BP Energy Company; Powerex Corp ; and Sempra Energy Trading Corp   Powerex Corp supports and supplements the comments filed by the TFG

[8] The Indicated Marketers cite to Systems Energy Resources, Inc , 96 FERC ¶ 61,165, at 61, 736 (2001) (holding that the Commission's "general rule is that 'the record once closed will not be reopened' absent a demonstration that extraordinary circumstances outweigh the need for administrative finality "); CMS Midland, Inc , et al , 56 FERC ¶ 61,361, 61,736 (1991) (stating that the requesting "party must demonstrate a change in circumstances that is more than just material - it must be a change that goes to the very heart of the case ")

Docket Nos EL01-10-000 and EL01-10-001
- 6 -

answer to Tacoma's May 13, 2002 motion  On June 7, 2002, Tacoma filed a motion to strike BPA's untimely answer.  We will disallow BPA's answer pursuant to Rule 213(d) of the Commission's Rules of Practice and Procedure, 18 C F R  § 385 213(d) (2002)

9      On August 7, 2002, Grays Harbor filed an answer to the Indicated Marketers' answer. Answers to answers are generally not permitted pursuant to Rule 213(a)(2) of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.213(a)(2) (2002), unless otherwise permitted by the decisional authority.  We are not persuaded to allow Grays Harbor's answer to the Indicated Marketers' answer.

Comment: Body of Order Should End Here.  Do Not Delete the Bookmark

Discussion

10      In their motions, Tacoma, Seattle, and Grays Harbor seek to reopen or, in the alternative, supplement, the evidentiary record in Docket No. EL01-10, et al  In particular, Tacoma requests permission to introduce evidence developed in the PA02-2-000 docket and related proceedings and to conduct further investigation and discovery into the actions of Pacific Northwest market participants

11      We will allow the movants and other parties in this proceeding to conduct additional discovery for the period January 1, 2000 to June 20, 2001.  This may include depositions, data requests, and any other appropriate form of discovery.  Parties should not duplicate the discovery conducted in other Commission proceedings, but may submit evidence from those proceedings in their filings in this proceeding, to the extent relevant.  We direct the Chief Administrative Law Judge to appoint an ALJ as a Discovery Master to resolve any discovery-related disputes that may arise.  To prevent disclosure of confidential information, the presiding judge may adopt a protective order, as appropriate.[9]

[9]The Commission and its Staff conducting the investigation in Docket No PA2-2-000 will not be subject to discovery and the parties may not conduct depositions of and/or request information from the Commission or its Staff, as it would interfere with the Staff investigation in Docket No PA02-2-000.  The Commission's Litigation Staff shall not conduct discovery or otherwise participate in this phase of this proceeding

Docket Nos. EL01-10-000 and EL01-10-001
- 7 -

12    All of the parties will have until February 28, 2003 to submit directly to the Commission additional evidence concerning potential refunds for spot market bilateral sales transactions in the Pacific Northwest for the period January 1, 2000 through June 20, 2001 and proposed new and/or modified findings of fact. Parties must provide relevant documents and citations to the record to support any proposed substantive recommendations.

13    We intend to finalize the issues in this docket expeditiously. For this reason, we are not remanding this case to the Presiding Judge and will review additional evidence along with the Presiding Judge's recommendations in Puget Sound. Therefore, Tacoma's, Seattle's and Grays Harbor's motions are hereby granted in part and denied in part.

<u>The Commission orders</u>:

(A) Tacoma's, Seattle's and Grays Harbor's motions are hereby granted in part and denied in part, as discussed in the body of this order.

(B) No later than February 28, 2003, the parties in this proceeding shall submit directly to the Commission additional evidence and proposed new and/or modified findings of fact with specific citations to the record to support any proposed substantive recommendations.

(C) The Chief Administrative Law Judge is hereby directed and authorized to appoint an Administrative Law Judge as a Discovery Master within ten days (10) of the date of issuance of this order. The Discovery Master shall administer discovery and resolve any potential discovery disputes.

By the Commission. Commissioner Brownell dissenting with a separate statement attached.

(S E A L)

Linwood A. Watson, Jr.,
Deputy Secretary.

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Puget Sound Energy, Inc. et al.                          Docket Nos. EL01-10-000
                          v.                                        EL01-10-001
All Jurisdictional Sellers of Energy
and/or Capacity at Wholesale Into Electric
Energy and/or Capacity Markets in the
Pacific Northwest, Including Parties to the
Western Systems Power Pool Agreement

(Issued December 19, 2002)

BROWNELL, Commissioner, dissenting

In today's order the majority re-opens the record in a case in which a Presiding Administrative Law Judge has already completed a hearing and issued Recommendations and Proposed Findings of Fact; and in which the complainant has moved to withdraw its complaint  Neither equity nor efficiency is served by re-opening the record in this proceeding

Nora Mead Brownell
Commissioner

**EXHIBIT 2**

ORIGINAL

United States Of America
Before The
Federal Energy Regulatory Commission

Puget Sound Energy, Inc.,          )
                                   )
Complainant,                       )
                                   )
v.                                 )     Docket Nos. EL01-10-000
                                   )     and EL01-10-001
All Jurisdictional Sellers of Energy   )
And/or Capacity at Wholesale Into  )
Into Electric Energy And/or Capacity )
Markets in the Pacific Northwest,  )
Including Parties to the Western   )
Systems Power Pool Agreement,      )
                                   )
Respondents                        )

Motion of Clark Public Utilities For Leave
To Intervene Out of Time

To:   The Honorable Carmen A. Cintron
      Presiding Administrative Law Judge

        Pursuant to Rule 214(d) of the Federal Energy Regulatory
Commission's ("Commission") Rules of Practice and Procedure, 18 C.F.R. §
385.214(d) (1999), Clark Public Utilities ("Clark") hereby files this motion to
intervene out of time in the above-captioned proceeding.  The Commission's July
25 Order in this docket expanded the scope of this proceeding to include spot
market bilateral transactions in the Pacific Northwest during the period from
December 25, 2000 through June 20, 2001. *San Diego Gas & Electric Company*,
96 FERC ¶ 61,120 (2001) ("*July 25 Order*").  As a customer in the Pacific
Northwest who purchased power in a spot market bilateral transaction during the

010810-0014-/

DOCKETED

2

period covered by the Commission's expanded proceeding, Clark has an interest in this proceeding. Hence, Clark requests that it be granted party status. Clark will accept the record as it stands and will not seek to delay this proceeding because of this untimely request to intervene.

### I.    PARTIES TO BE ADDED TO SERVICE LIST

All correspondence and communications concerning this motion should be sent to the following persons, who should be added to the official service list, at the addresses shown:

George H. Williams Jr., Esq.
John J. Bartus, Esq.
Cameron McKenna LLP
2175 K Street, NW
Fifth Floor
Washington, DC 20037
Gwilliams@cmcklaw.com
Jbartus@cmcklaw.com

James L. Sanders
Director of Energy Resources
Clark Public Utilities
P.O. Box 8900
Vancouver, WA 98668
Jsanders@clarkpud.com

### II.    DESCRIPTION OF CLARK PUBLIC UTILITIES

Clark is a municipal corporation operating under the laws of the State of Washington. It provides electric service to approximately 160,000 customers throughout Clark County, Washington. Clark presently purchases some of its power requirements from other suppliers, and engages in short term bilateral transactions in the forward market.

### III.    BACKGROUND

The July 25 Order describes the history of this proceeding and Clark will not repeat that history here. Clark notes only that the July 25 Order initiated two

---

3

proceedings. The first is an evidentiary hearing before Presiding Judge Birchman to develop a factual record so that the refund methodology established in the July 25 Order can be implemented. The Commission also initiated a second proceeding before Your Honor, which the Commission called the "Pacific Northwest Proceeding." Clark's interest is in the Pacific Northwest Proceeding. The Commission established the Pacific Northwest Proceeding because the data was not available to address the issues raised by the Northwest parties. The Commission observed that spot market sales outside of California were not based on bids into an auction, but instead were made through bilateral contracts. Recognizing the complexities associated with attempting to unravel these bilateral transactions retroactively, the Commission established "a separate preliminary proceeding pertaining the Northwest." *July 25 Order*, mimeo at 43. This Pacific Northwest Proceeding is "intended to facilitate development of a factual record on whether there may have been unjust and unreasonable charges for spot market bilateral sales in the Pacific Northwest for the period beginning December 25, 2000 through June 20, 2001." *Id.* The record in this proceeding should "establish the volume of the transactions, the identification of the net sellers and net buyers, the price and terms and conditions of the sales contracts, and the extent of potential refunds." *Id.* The Commission directed the Presiding Judge to convene a procedural conference no later than August 2, and required parties to provide the needed data no later than August 17. The Judge was directed to complete discussions within 30 days after submission of the data. Pursuant to the

4

Commission's direction, the Presiding Judge has established a procedural schedule, which provides for discovery, for submission of the data required by the Commission, for submission of testimony, service by e-mail, and which leads to an evidentiary hearing on September 4-6, 2001.

In addition, on August 6, the Presiding Judge granted numerous motions to intervene that were submitted out of time. In granting these interventions, the Judge stated that she was guided by the Commission's July 25 Order, which granted several out of time interventions and stated that interested parties could participate at their discretion. *Presiding Judge's August 6 Order*, mimeo at 4.

IV.    INTERVENTION

Clark requests intervention in this proceeding. In February of 2001, Clark entered the forward market and purchased, under a bilateral contract, energy to be delivered in August and September of 2001. Although delivery has not yet been completed, the bilateral contract was executed in February and Clark paid for this forward energy in March, 2001. Accordingly, Clark is a purchaser of power in the Pacific Northwest under a short-term bilateral contract, during the period from December 25, 2000, to June 20, 2001.

Clark has not previously been a party to this proceeding. The Commission's July 25 Order expanded the scope of this proceeding and provided Clark with the first notice that Clark would have a significant interest in the outcome of this proceeding. As a purchaser of power in the Pacific Northwest under a bilateral contract during the period in question, Clark has a direct and significant interest in

5

the outcome of this proceeding, which interest cannot be adequately represented by other parties in this proceeding.  The short term bilateral transaction with which Clark is concerned is single transaction that will not complicate this proceeding. Clark will accept the record and procedural schedule as they stand, and commits that it will not seek to modify the procedural schedule because of this late intervention.  Accordingly, granting Clark's intervention will not disrupt or delay, or cause any prejudice to, or additional burdens upon, the existing parties to the proceeding. *Presiding Judge's August 6 Order*, mimeo at 4.  Clark submits that it qualifies for late intervention under the standards established by the Presiding Judge in the August 6 Order in this proceeding.

### V.    CONCLUSION

For the reasons set forth herein, Clark request that it be granted intervention with full rights of a party to this proceeding.

Respectfully submitted,

CLARK PUBLIC UTILITIES

By: _____
George H. Williams, Jr.
John J. Bartus
Its attorneys

Cameron McKenna LLP
2175 K Street, N.W.
Fifth Floor
Washington, D.C    20037
(202) 466-0060
(202) 466-0077 fax

August 7, 2001

6

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served the forgoing document upon each person designated on the service list of active parties in this Docket No. EL01-10, in accordance with the requirements of Rule 2010 of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.2010 (1998), and the Presiding Judge's order of August 1, 2001 requiring e-mail service.

    Dated at Washington, D.C., this 7th day of August, 2001.

John J. Bartus

**EXHIBIT 1**

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION
101 FERC ¶ 61,304

Before Commissioners: Pat Wood. III, Chairman;
William L. Massey, and Nora Mead Brownell

| | | |
|---|---|---|
| Puget Sound Energy, Inc., et al., | ) | Docket Nos. EL01-10-000 |
| Complainant, | ) | EL01-10-001 |
| | ) | |
| v. | ) | |
| | ) | |
| All Jurisdictional Sellers of Energy and/or | ) | |
| Capacity at Wholesale Into Electric Energy | ) | |
| and/or Capacity Markets in the Pacific | ) | |
| Northwest, Including Parties to the Western | ) | |
| Systems Power Pool Agreement, | ) | |
| Respondents | ) | |

ORDER ON MOTIONS TO REOPEN EVIDENTIARY RECORD

(Issued December 19, 2002)

1.     In this order, we grant in part and deny in part motions seeking to reopen the evidentiary record in the EL01-10, et al. docket for the purpose of allowing parties to submit additional evidence concerning potential refunds for spot market bilateral sales transactions in the Pacific Northwest for the period January 1, 2000 through June 20, 2001. In taking this action, our goal is to provide all parties an opportunity to ensure that all relevant evidence is adduced in this proceeding, but also to bring closure and certainty to this proceeding (to sellers and customers alike) fairly and quickly.

**I. Background**

2.     On October 26, 2000, Puget Sound Energy, Inc. (Puget Sound) filed a complaint alleging that spot market prices in the Pacific Northwest were unjust and unreasonable. In a December 15, 2000 order (December 15 Order),[1] the Commission declined to implement a region-

[1] San Diego Gas & Electric Company v. Sellers of Energy and Ancillary Services, et al., 93 FERC ¶ 61,294 (2000), reh'g denied, 97 FERC ¶ 61,275 (2001).

Docket Nos. EL01-10-000 and EL01-10-001
- 2 -

wide price cap, as Puget Sound had requested. Puget Sound and others timely sought rehearing of the December 15 Order's determination not to impose a regional price cap or other mitigation. However, on June 22, 2001, Puget Sound filed a motion to dismiss its complaint and its subsequent rehearing request. Instead, in a July 25, 2001 order (July 25 Order)[2], the Commission established a preliminary evidentiary hearing pertaining to the Northwest for the period beginning December 25, 2000 through June 20, 2001 to help facilitate development of a factual record on whether there may have been unjust and unreasonable charges for spot market bilateral sales in the Pacific Northwest. In the July 25 Order, the Commission also stated that it would decide at a later time whether to allow Puget Sound to withdraw the complaint. On September 24, 2001, the Presiding Administrative Law Judge (ALJ) issued recommendations and proposed findings of fact in the case, finding no basis to order refunds.[3]

**Motions**

3.      On May 13, 2002, the City of Tacoma, Washington (Tacoma) filed a motion in which it requests that the Commission reopen the evidentiary record in the EL01-10, et al. docket to allow a "hearing on all issues related to refunds for wholesale energy transactions in excess of the market clearing price in the Pacific Northwest" and permit further investigation and discovery into the actions of specific participants in the Pacific Northwest power market. Tacoma states that since the issuance of Puget Sound, material evidence has become available that demonstrates that the Presiding Judge's conclusions in that decision are "clearly erroneous." On September 9, 2002 and October 2, 2002, Tacoma filed supplements to its motion in which it identifies the existence of additional evidence it alleges is material and relevant to this proceeding.

---

[2] San Diego Gas & Electric Company v. Sellers of Energy and Ancillary Services, et al., 96 FERC ¶ 61,120 (2001).

[3] See Puget Sound Energy Company v. Sellers of Energy and Ancillary Services, 96 FERC ¶ 63,044 (2001) (Puget Sound).

Docket Nos. EL01-10-000 and EL01-10-001
- 3 -

4     In its motion, Tacoma identifies multiple grounds for reopening the evidentiary record in Docket No. EL01-10, et al. Among those are: (1) the release of documents obtained as part of the Staff investigation in Docket No. PA02-2-000: (2) the issuance of the Commission Staff's initial report in that docket, (3) the initiation of separate proceedings to investigate instances of possible misconduct of the companies named in those proceedings, which are also respondents in the EL01-10, et al docket; and (4) the Commission solicitation of comments on whether the Commission should change the method for determining refunds in the California refund proceedings  Tacoma also argues that the expedited nature of the proceedings that the Commission ordered contributed to material evidence being unavailable to the Presiding Judge in the EL01-10, et al docket hearing.  Tacoma also adds that the recommendations of the Presiding Judge in this proceeding are inconsistent with the determination the Commission made in Docket No. EL02-28, et al,[4] setting for hearing the issue of whether the dysfunctional California spot markets adversely affected the long-term bilateral markets.  Tacoma concludes that its motion and supplements thereto provide sufficient evidence to warrant further investigation and discovery into the actions of Pacific Northwest market participants.

5     On May 24, 2002, the City of Seattle, Washington (Seattle) filed a motion requesting that it be allowed to supplement the record or, alternatively, that the Commission reopen the evidentiary record to allow for a hearing before the Presiding Judge  On June 24, 2002, Public Utility District No. 1 of Grays Harbor County, Washington (Grays Harbor) also filed a motion in this proceeding, requesting that the Commission reopen the evidentiary record  In particular, Seattle and Grays Harbor seek to supplement the evidentiary record with evidence developed in the PA02-2-000 Staff investigation and related proceedings

**Answers In Support**

---

[4] Nevada Power Co  and Sierra Pacific Power Co. v. Duke Energy Trading and Mktg., L.P , et al , 99 FERC ¶61,047, order on reh'g 100 FERC ¶ 61,273 (2002), reh'g pending.

Docket Nos  EL01-10-000 and EL01-10-001

- 4 -

6　　California Parties[5] and Attorney General of Washington (Washington AG) support Tacoma's motion. In their opinion, the reasons offered by Tacoma for reopening the evidentiary record are compelling. In particular, Washington AG argues that the Presiding Judge's recommendations are undermined by evidence obtained in Docket PA02-2-000 and that Pacific Northwest utilities should be treated equally with the utilities that have claimed refunds in the EL00-95, et al. docket proceeding. Washington Utilities and Transportation Commission, the Oregon Office of Energy, and the Oregon Public Utilities Commission (jointly, Washington Commission) do not oppose Tacoma's motion but urge the Commission to reopen the evidentiary record only for the purpose of investigating the facts and consequences of market manipulation and to focus its remedies, if any, only on wrongdoers.  The Washington Commission would oppose imposition of refunds based on spot market transactions.

**Answers in Opposition**

---

[5]California Parties include the People of the State of California, _ex rel._ Bill Lockyer, Attorney General, and the California Electricity Oversight Board

Docket Nos. EL01-10-000 and EL01-10-001
- 5 -

7    Puget Sound argues that the evidentiary record should not be reopened because the overwhelming majority of market participants, including public power entities, opposed initiation of a wholesale refund proceeding in these dockets in the first place  The Indicated Marketers,[6] Transaction Finality Group (TFG),[7] and Mirant argue that the movants have failed to demonstrate the extraordinary circumstances necessary to reopen the evidentiary record in this proceeding, as required by Commission precedent.[8] Similarly, TransCanada Energy Ltd. (TransCanada) asserts that Tacoma's motion fails to provide appropriate justification for its request.  In TFG's and Indicated Marketers' opinion, the movants should also have established a logical or factual nexus between alleged market manipulation in the California Independent System Operator and California Power Exchange markets and alleged dysfunctions in the Pacific Northwest markets  Eugene Water and Electric Board, Coral Power (Coral), and TFG argue that there is no purpose to reopening the Puget Sound docket prior to the completion of the Staff investigation in the PA02-2-000 docket.  TFG believes that a different approach would create uncertainty.

Procedural Matters

8.    On June 3, 2002, the Bonneville Power Administration (BPA) filed an untimely

---

[6]The Indicated Marketers include Mirant Americas Energy Marketing, L.P. (Mirant); TransAlta Energy Marketing (U S ) Inc ; and Morgan Stanley Capital Group Inc

[7]The TFG is composed of Alcon, Inc ; Avista Energy, Inc ; Columbia Falls Aluminum Company, LLC; Coral Power, LLC; Duke Energy Trading and Marketing, L L C ; Edison Mission Marketing & Trading, Inc ; Exelon Corporation on behalf of Exelon Generation Company, LLC; PECO Energy Company and Commonwealth Edison Company; IDACORP Energy, L P ; Pinnacle West Capital Corporation/Arizona Public Service Company; Portland General Electric Company; PPL Montana, LLC and PPL Energy Plus, LLC; Public Service Company of Colorado; Public Service Company of New Mexico; Puget Sound Energy, Inc.; Trans Canada Energy Ltd ; BP Energy Company; Powerex Corp ; and Sempra Energy Trading Corp   Powerex Corp supports and supplements the comments filed by the TFG

[8] The Indicated Marketers cite to Systems Energy Resources, Inc., 96 FERC ¶ 61,165, at 61, 736 (2001) (holding that the Commission's "general rule is that 'the record once closed will not be reopened' absent a demonstration that extraordinary circumstances outweigh the need for administrative finality "); CMS Midland, Inc , et al , 56 FERC ¶ 61,361, 61,736 (1991) (stating that the requesting "party must demonstrate a change in circumstances that is more than just material - it must be a change that goes to the very heart of the case ").

Docket Nos. EL01-10-000 and EL01-10-001
- 6 -

answer to Tacoma's May 13, 2002 motion. On June 7, 2002, Tacoma filed a motion to strike BPA's untimely answer. We will disallow BPA's answer pursuant to Rule 213(d) of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.213(d) (2002).

9        On August 7, 2002, Grays Harbor filed an answer to the Indicated Marketers' answer. Answers to answers are generally not permitted pursuant to Rule 213(a)(2) of the Commission's Rules of Practice and Procedure, 18 C.F.R. § 385.213(a)(2) (2002), unless otherwise permitted by the decisional authority. We are not persuaded to allow Grays Harbor's answer to the Indicated Marketers' answer.

**Discussion**

10    In their motions, Tacoma, Seattle, and Grays Harbor seek to reopen or, in the alternative, supplement, the evidentiary record in Docket No. EL01-10, et al. In particular, Tacoma requests permission to introduce evidence developed in the PA02-2-000 docket and related proceedings and to conduct further investigation and discovery into the actions of Pacific Northwest market participants.

11    We will allow the movants and other parties in this proceeding to conduct additional discovery for the period January 1, 2000 to June 20, 2001. This may include depositions, data requests, and any other appropriate form of discovery. Parties should not duplicate the discovery conducted in other Commission proceedings, but may submit evidence from those proceedings in their filings in this proceeding, to the extent relevant. We direct the Chief Administrative Law Judge to appoint an ALJ as a Discovery Master to resolve any discovery-related disputes that may arise. To prevent disclosure of confidential information, the presiding judge may adopt a protective order, as appropriate.[9]

[9]The Commission and its Staff conducting the investigation in Docket No. PA2-2-000 will not be subject to discovery and the parties may not conduct depositions of and/or request information from the Commission or its Staff, as it would interfere with the Staff investigation in Docket No. PA02-2-000. The Commission's Litigation Staff shall not conduct discovery or otherwise participate in this phase of this proceeding.

Docket Nos  EL01-10-000 and EL01-10-001
- 7 -

12    All of the parties will have until February 28, 2003 to submit directly to the Commission additional evidence concerning potential refunds for spot market bilateral sales transactions in the Pacific Northwest for the period January 1, 2000 through June 20, 2001 and **proposed new and/or modified findings of fact**  Parties must provide relevant documents and citations to the record to support any proposed substantive recommendations.

13    We intend to finalize the issues in this docket expeditiously  For this reason, we are not remanding this case to the Presiding Judge and will review additional evidence along with the Presiding Judge's recommendations in <u>Puget Sound</u>.  Therefore, Tacoma's, Seattle's and Grays Harbor's motions are hereby granted in part and denied in part

<u>The Commission orders:</u>

    (A) Tacoma's, Seattle's and Grays Harbor's motions are hereby granted in port and denied in part, as discussed in the body of this order.

    (B) No later than February 28, 2003, the parties in this proceeding shall submit directly to the Commission additional evidence and proposed new and/or modified findings of fact with specific citations to the record to support any proposed substantive recommendations.

    (C) The Chief Administrative Law Judge is hereby directed and authorized to appoint an Administrative Law Judge as a Discovery Master within ten days (10) of the date of issuance of this order  The Discovery Master shall administer discovery and resolve any potential discovery disputes

By the Commission  Commissioner Brownell dissenting with a separate statement
                            attached.
( S E A L )

                    Linwood A. Watson, Jr,
                        Deputy Secretary

.

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION


Puget Sound Energy, Inc. et al.                    Docket Nos. EL01-10-000
                          v.                                   EL01-10-001
All Jurisdictional Sellers of Energy
and/or Capacity at Wholesale Into Electric
Energy and/or Capacity Markets in the
Pacific Northwest, Including Parties to the
Western Systems Power Pool Agreement


                    (Issued December 19, 2002)

BROWNELL, Commissioner, dissenting

In today's order the majority re-opens the record in a case in which a Presiding Administrative Law Judge has already completed a hearing and issued Recommendations and Proposed Findings of Fact; and in which the complainant has moved to withdraw its complaint. Neither equity nor efficiency is served by re-opening the record in this proceeding.

Nora Mead Brownell
Commissioner

**EXHIBIT 3**

79115.0
JBbmc

1017

1   BEFORE THE

2   FEDERAL ENERGY REGULATORY COMMISSION

3   - - - - - - - - - - - - - - - - - -x

4   IN THE MATTER OF                      :

5   PUGET SOUND ENERGY, INC.,             : Docket Numbers

6            Complainant,                 : EL01-10-000

7        v.                               : EL01-10-001

8   ALL JURISDICTIONAL SELLERS OF ENERGY  :

9   AND/OR CAPACITY AT WHOLESALE INTO      :

10  ELECTRIC ENERGY AND/OR CAPACITY MARKETS:

11  IN THE PACIFIC NORTHWEST, INCLUDING    :

12  PARTIES TO THE WESTERN SYSTEMS POWER    :

13  POOL AGREEMENT,                        :

14           Respondents.                  :

15  - - - - - - - - - - - - - - - - - -x

16                    Hearing Room 1

17                    Federal Energy Regulatory Commission

18                    888 First Street, NE

19                    Washington, DC

20                    Thursday, September 6, 2001

21      The above-entitled matter came on for hearing,

22  pursuant to notice, at 9:00 a.m.

23  BEFORE:   HONORABLE CARMEN A. CINTRON

24            ADMINISTRATIVE LAW JUDGE

25  APPEARANCES AS HERETOFORE NOTED

1  testimony, rebuttal and exhibits. Actually, there's one

2  other matter while we're doing this. We also reached a

3  joint stipulation with Kaiser and the Clark County Public

4  Utility District. Do you want me to read that into the

5  record? Is that how you'd like to do it?

6          MR. BARTOS: Your Honor, I think that's the

7  best approach.

8          PRESIDING JUDGE: What are you reading into the

9  record?

10          MR. BURGER: A joint stipulation between

11  Bonneville, and I'll start with the Clark County Public

12  Utility District. The joint stipulation is as follows:

13  "In Mr. Oliver's direct testimony (Exhibit BPA-1, page

14  11), he testifies that: 'In most cases, remarketing

15  revenues must be used by the DSI customer to compensate

16  laid-off employees and for the development of generating

17  resources to serve the companies' own industrial load.'

18  In the specific case of Kaiser's remarketing, BPA is not

19  aware of what Kaiser did with the remarketing cash or

20  credit it received."

21          As to the joint stipulation between Bonneville

22  and Kaiser, the joint stipulation as to how Kaiser and BPA

23  remarketing provision operates, "BPA will stipulate that

24  it had the contractual option to accept the power for its

25  own use in lieu of the proposed sale of Kaiser's unused

79115.0
JB
                                                                    1058

1   power to Clark, and to provide a credit (or cash payment)

2   to Kaiser at the price associated with the proposed sale

3   to Clark."  And that's the end of the stipulation.

4                PRESIDING JUDGE:  You had a joint stipulation

5   with Kaiser and who was the first one?

6                MR. BURGER:  Clark County Public Utility

7   District.

8                PRESIDING JUDGE:  Can you put that in writing

9   just so we'll have it in writing?

10               MR. BURGER:  Sure, I will do that.  Can I just

11  send it to your clerk?

12               PRESIDING JUDGE:  Yes, you may.

13               MR. BURGER:  Thank you.  At this time, I'd like

14  to submit into evidence the direct testimony of Stephen

15  Oliver, BPA-1; the rebuttal testimony of Stephen Oliver,

16  BPA-2; and BPA-3, the Kaiser notice letter to BPA; and

17  BPA-4, BPA contract; and BPA-5, another exhibit contract.

18  And there are two copies for you.

19               PRESIDING JUDGE:  What are Exhibits 4 and 5?

20               MR. BURGER:  Confirmation contracts.

21               PRESIDING JUDGE:  Are there any objections to

22  Exhibits BPA-1 through 5 as amended through stipulations

23  and as submitted in the hearing this morning?

24               MR. BARTUS:  No objection, your Honor.

25               PRESIDING JUDGE:  There being no objections,