Exhibit 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                         :
                                               :    Chapter 11
KAISER ALUMINUM CORPORATION,                   :    Case No. 02-10429 (JKF)
A Delaware Corporation, et al.,                :
                                               :    Jointly Administered
       Debtors.                               :
_____        :

KAISER ALUMINUM & CHEMICAL                     :
CORPORATION,                                   :
                                               :
       Movant,                                :
                                               :
v.                                             :    **ORAL ARGUMENT REQUESTED**
                                               :
                                               :
PUBLIC UTILITY NO. 1 OF CLARK                  :
COUNTY, d/b/a CLARK PUBLIC                     :    **Objection Deadline: Pursuant to District Court Rules**
UTILITIES,                                     :
                                               :
       Respondent.                            :

### MOTION TO WITHDRAW THE REFERENCE OF THE DEBTORS'
### MOTION FOR AN ORDER DISALLOWING CLAIMS [Docket No. 7480]
### FILED BY CLARK PUBLIC UTILITIES FROM THE UNITED
### STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities ("Clark"), pursuant to 28 U.S.C. § 157(d), respectfully requests that the United States District Court for the District of Delaware (the "District Court") withdraw the reference to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of the proceeding commenced by debtor Kaiser Aluminum and Chemical Corporation's ("Kaiser") Motion for an Order Disallowing Claims Filed by Clark Public Utilities, filed on October 10, 2005 (Docket No. 7480) (copy attached as **Exh. 1**, the "Claims Objection"). Clark offers this Brief in support of its Motion to Withdraw the Reference (the "Motion").

In order to resolve the substantive issues underlying Clark's proofs of claim filed in this case, the Bankruptcy Court will have to delve deeply into the Federal Power Act, ("FPA") 16 U.S.C. § 791 *et seq*[1] and certain regulations promulgated by the Federal Energy Regulatory Commission, ("FERC"). Clark moves to withdraw the reference of jurisdiction over the substantive liquidation of its claims to the District Court, which is mandated by 28 U.S.C. § 157(d). In the alternative, Clark moves that the reference be withdrawn under the District Court's discretion also pursuant to 28 U.S.C. § 157(d).

Clark has two claims against Kaiser arising out of a power sale transaction that occurred in February 2001 -- the height of the energy crisis on the West Coast and in the Pacific Northwest. First, Clark has a claim for "disgorgement" within the meaning of the FPA because Kaiser sold power to Clark without authority from FERC. Second, Clark is entitled to a "refund" within the meaning of the FPA for the unjust and unreasonable rate Kaiser charged Clark for the power Clark purchased from Kaiser. The precise substantive legal issues that must be decided to resolve these claims are whether Kaiser: (i) was a "seller" of power in a transaction governed by the FPA; (ii) sold power without authority; and (iii) charged an "unjust and unreasonable" rate

---

[1] Specifically, 16 U.S.C § § 824 & 825.

for such power. Although Clark believes that Kaiser clearly was a seller of power without FERC authority and charged Clark an unjust and unreasonable rate, Clark acknowledges that this legal question cannot be answered without substantial and material consideration of the FPA, particularly because Kaiser has taken the position both before the Bankruptcy Court and before FERC in a "generic rate" proceeding referred to as the "Puget Sound Proceeding" that it was *not* a seller subject to the FPA and FERC. Therefore, resolution of Clark's claims -- and hence the Claims Objection -- requires substantial and material consideration of the FPA, which must and should be performed by the District Court pursuant to 28 U.S.C. § 157(d).

A Memorandum of Law in support of this Motion is submitted and incorporated herewith.

This Motion shall not constitute a waiver by Clark of: (a) its right to trial by jury in any proceedings, cases or controversies related to the proceedings or case; (b) any other rights, claims, actions, defenses, setoffs, recoupments, refunds or disgorgements which Clark may be entitled under agreements, in law or equity, all of which rights, claims, actions, defenses, setoffs, recoupments, refunds and disgorgements are expressly reserved.

[Remainder Of Page Left Blank Intentionally]

WHEREFORE, Clark respectfully requests entry of an Order: (i) withdrawing the reference to the Bankruptcy Court of the Claims Objection; (ii) staying all proceedings in Kaiser's bankruptcy case related to its Claims Objection; and (iii) granting such other relief as is just and proper.

Dated:  Wilmington, Delaware
        October 24, 2005

JASPAN SCHLESINGER & HOFFMAN LLP

/s/ Frederick B. Rosner
Frederick B. Rosner (ID No. 3995)
913 North Market Street 12th Floor
Wilmington, DE 19801
Tel: (302) 351-8000
Fax: (302) 351-8010

BRACEWELL & GUILIANI LLP

William A. Wood, III, Esq.
*Pro Hac Vice Application pending*
(Texas Bar ID 21916050)
711 Louisiana Street
Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

George H. Williams, Esq.
2000 K Street, N.W.
Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax: (202) 223-1225

and

15364                                    4

THACHER PROFFITT & WOOD LLP

Christopher F. Graham, Esq.
Louis A. Curcio, Esq.
Two World Financial Center
New York, New York 10281
Tel: (212) 912-7400
Fax: (212) 912-7751

*Counsel to Public Utility District No. 1 of
Clark County d/b/a Clark Public Utilities*

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Jointly Administered** |
| **KAISER ALUMINUM CORPORATION,** | : | **Case No.  02-10429 (JKF)** |
| **a Delaware corporation, et al.,** | : | |
| | : | |
| Debtors. | : | |
| | : | |
| **KAISER ALUMINUM & CHEMICAL** | : | **Chapter 11** |
| **CORPORATION,** | : | |
| | : | |
| Movant, | : | **Hearing Date:  11/14/05 @ 1:30 p.m.** |
| | : | **Response Date:  10/25/05 @ 4:00 p.m.** |
| | : | |
| vs. | : | |
| | : | |
| **PUBLIC UTILITY NO. 1 OF CLARK** | : | |
| **COUNTY, d/b/a CLARK PUBLIC** | : | |
| **UTILITIES,** | : | |
| | : | |
| Respondent. | : | |

**VERIFIED MOTION OF DEBTOR AND DEBTOR IN POSSESSION
KAISER ALUMINUM & CHEMICAL CORPORATION FOR AN ORDER
<u>DISALLOWING CLAIMS FILED BY CLARK PUBLIC UTILITIES</u>**

Kaiser Aluminum & Chemical Corporation ("KACC"), one of the

above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby moves

the Court, pursuant to section 502 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the

"Bankruptcy Code"), and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), for the entry of an order disallowing the proofs of claim filed by or on

behalf of Public Utility No. 1 of Clark County, d/b/a Clark Public Utilities ("Clark").  In support

of this Motion, KACC (a) submits the Affidavit of Edward F. Houff, a copy of which is attached

hereto as Exhibit A and incorporated herein by reference, and (b) respectfully represents as

follows:

## Background

1.      On February 12, 2002, KACC and fourteen affiliates commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On March 15, 2002, two additional Debtors commenced their voluntary chapter 11 cases.  The nine other Debtors filed their chapter 11 petitions on January 14, 2003. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2.      The Debtors are continuing in possession of their respective properties and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      On February 25, 2002, the United States trustee for the District of Delaware (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Creditors' Committee") and the statutory committee of asbestos claimants (the "Asbestos Committee") in these chapter 11 cases, pursuant to section 1102 of the Bankruptcy Code.  In addition, the Court entered orders appointing (a) Martin J. Murphy as legal representative for future asbestos claimants (the "Asbestos Representative") on January 27, 2003, (b) an official committee of retired employees (the "Retirees' Committee"), pursuant to section 1114 of the Bankruptcy Code, on August 26, 2003, and (c) Anne M. Ferazzi as legal representative for future silica and coal tar pitch volatiles claimants (the "Silica Representative") on June 22, 2004.

4.      On October 29, 2002, the Court entered an order (D.I. 1301) establishing January 31, 2003 as the bar date by which entities wishing to assert a claim against a Debtor, other than the Debtors that commenced their cases in January 2003 (the "2003 Debtors"), must file a proof of claim.  On March 17, 2003, the Court entered an order (D.I. 1992) establishing (a) May 15, 2003 as the bar date by which entities, excluding governmental units, wishing to

assert a claim against a 2003 Debtor must file a proof of claim and (b) July 14, 2003 as the bar

date by which governmental units wishing to assert a claim against a 2003 Debtor must file a

proof of claim. These bar dates do not apply to asbestos-related personal injury claims.[1]

      5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## The Puget Sound Proceedings and Proceedings in This Case[2]

      6.     Upon information and belief, Clark is a customer-owned municipal

corporation that provides electricity to approximately 160,000 customers in Clark County,

Washington. Prior to 1996, Clark purchased all of its power through requirements contracts with

the Bonneville Power Administration (the "BPA") — the sole federal power marketing agency in

the Pacific Northwest and the region's major wholesaler of electricity. In late 1996, however,

Clark began purchasing power from other suppliers. Clark timed its agreements with these

suppliers so that they would expire on or about July 31, 2001 to coincide with the expiration of

its other supply contracts. Clark planned to negotiate a new contract with the BPA effective

July 31, 2001 that would satisfy its future power needs. In 1998, however, the BPA announced

that it would henceforth change the anniversary/termination date of its contracts from July 31 to

---

[1]    These bar dates also do not apply to certain types of Louisiana personal injury claims, for
which the bar date was February 29, 2004, as set forth in the Stipulation and Corrected
Order with Certain Louisiana Personal Injury Claimants Regarding General Bar Date
(D.I. 3321).

[2]    The recitation of facts regarding the Puget Sound Proceedings (as defined below) and the
proceedings in this case is derived from previous filings with the Court, including the
Objection of the Debtors to Motion of Public Utility District No. 1 of Clark County for
Limited Relief from the Automatic Stay (D.I. 795), the Objection of the Debtors to the
Emergency Motion of Clark County (D.I. 1580), the Affidavit of Wayne Nelson attached
to Clark's Motion for Relief from Stay Protecting Kaiser Aluminum & Chemical
Corporation (D.I. 644), and the Objection of Debtor and Debtor in Possession Kaiser

October 1 to coincide with its fiscal year.  Therefore, any new contract that Clark signed with the BPA would not become effective until October 1, 2001, leaving Clark with a two-month gap in its power supply.  Clark was apparently unaware of the change in the BPA's policy until it initiated contract negotiations with the BPA sometime late in the year 2000.  At that time, Clark began searching for a source of power for the months of August and September 2001.

       7.     KACC owns an aluminum rolling mill and previously owned two primary aluminum reduction smelters in Washington State.  To secure power for those facilities, KACC executed a five-year Power Sales Agreement with the BPA for service from October 1, 1996 to September 30, 2001 (the "PSA").  Well into the term of the PSA, as a result of business conditions, KACC began reducing production at its Washington facilities and, as a direct result of those reductions, curtailing its power purchases from the BPA.  In January 2001, a consultant contacted KACC on behalf of Clark.  The consultant was aware that because of KACC's reduced operations at its Washington facilities, the BPA might have a block of federal power for sale that would otherwise belong to KACC under the PSA.  After the consultant and KACC negotiated regarding what would be an acceptable price for Clark's purchase of such available power, KACC sent Clark a letter on February 2, 2001 outlining how the sale from the BPA to Clark might be implemented.  Also on that date, KACC provided notice to the BPA that it intended to curtail its purchases under the PSA for the months of August and September 2001 and identified Clark as a potential purchaser of the curtailed power.  Pursuant to the terms of the PSA, the BPA elected to sell Clark a block of power from the PSA for a term commencing on August 1, 2001 and terminating on September 30, 2001.

_____

(continued...)

     Aluminum & Chemical Corporation to Emergency Motion of Public Utility District No. 1 of Clark County for Limited Relief from the Automatic Stay (D.I. 2612).

8.     Upon information and belief, on or about October 26, 2000, Puget Sound Energy, Inc. ("Puget Sound"), a utility company in the Pacific Northwest, filed a complaint with the Federal Energy Regulatory Commission (the "FERC") seeking the imposition of a cap on the price that could be charged for energy sold under the Western Systems Power Pool Agreement into Pacific Northwest Power Markets (the "Puget Sound Proceedings").[3] The FERC's Chief Administrative Law Judge issued an order in the Puget Sound Proceedings on July 25, 2001 initiating an evidentiary proceeding to develop a factual record on whether there might have been unjust and unreasonable charges for spot market bilateral sales of energy in the Pacific Northwest during the period December 25, 2000 through June 20, 2001 and assigning the matter to a FERC Administrative Law Judge (the "ALJ"). On August 7, 2001, more than nine months after Puget Sound filed its complaint, Clark filed a motion for leave to intervene out of time in the Puget Sound Proceedings, alleging that KACC had violated the Federal Power Act by charging Clark unjust and unreasonable rates for the power Clark purchased for the months of August and September 2001. Clark requested that the FERC compel KACC to refund any amounts charged in excess of a just and reasonable rate. The ALJ permitted Clark to intervene in the Puget Sound Proceedings.[4]

9.     After an evidentiary hearing and the submission of prepared testimony, post-hearing briefs and proposed findings of fact, the ALJ issued her Recommendations and Proposed Findings of Fact to the full commission on September 1, 2001. The ALJ concluded

---

[3]     The FERC proceeding is styled Puget Sound Energy, Inc. v. All Sellers of Energy and/or Capacity at Wholesale Into Electric Energy and/or Capacity Markets in the Pacific Northwest, Including Parties to the Western Systems Power Pool Agreement, FERC Docket No. EL01-10-000, et al.

[4]     Although the power was supplied to Clark in the months of August and September 2001, dates that fell outside the relevant range of dates for the Puget Sound Proceedings, the

that the prices in the Pacific Northwest during the relevant time period were the result of a number of factors, including a shortage of supply, excess demand, a drought, increased natural gas prices and price signals from California markets. She also concluded that the Pacific Northwest was a competitive market, and that the transactions at issue in the case resulted from bilateral agreements between the parties. Accordingly, the ALJ found that no refunds were due Clark, and she recommended that the Commission terminate the Puget Sound Proceedings.

           10.    On June 14, 2002, Clark filed a Motion for Limited Relief from the Automatic Stay Protecting Kaiser Aluminum and Chemical Corporation (D.I. 644) to (i) allow the FERC to issue orders allowing additional discovery in the Puget Sound Proceedings, and (ii) permit Clark to pursue an additional claim against KACC (a claim not previously articulated in any other forum) that KACC had violated the Federal Power Act by making a jurisdictional sale of power without obtaining prior FERC authorization. The Creditors' Committee and KACC filed objections to Clark's motion (D.I. 783, 795), arguing that the stay should at least be maintained until the FERC ruled on the ALJ's Recommendations and Proposed Findings of Fact. On September 17, 2002, this Court entered an order denying Clark's motion for limited relief from the automatic stay (D.I. 1090).

           11.    On December 19, 2002, in the wake of disclosures regarding Enron Corporation's manipulation of wholesale electrical prices in the California market, the FERC granted a motion filed by the City of Tacoma to reopen the evidentiary record in the Puget Sound Proceedings. The FERC issued an order allowing parties in the Puget Sound Proceeding to conduct additional discovery and submit any additional evidence to the FERC by February 28,

---

(continued...)

      ALJ allowed Clark to intervene because Clark negotiated and agreed to the sale during the relevant time period.

2003 (the "Discovery Order"). On January 7, 2003, Clark filed its Emergency Motion for Limited Relief from the Automatic Stay Protecting Kaiser Aluminum and Chemical Corporation (D.I. 1555) to permit Clark to conduct additional discovery and submit modified proposed findings of fact in the Puget Sound Proceedings. The Creditors' Committee and KACC filed objections. (D.I. 1574, 1580). At a hearing on January 15, 2003, this Court denied Clark's emergency motion, but allowed Clark to seek clarification from the FERC as to whether the Discovery Order applied to Clark's dispute with KACC.

12.    On February 3, 2003, the FERC issued a clarification to the Discovery Order and concluded that it would be appropriate, subject to Bankruptcy Court authorization, to allow Clark to seek additional discovery regarding its transaction with Kaiser. Accordingly, on February 5, 2003, Clark filed an Emergency Motion for Reconsideration of Motion Dated January 7, 2003 Requesting Limited Relief from the Automatic Stay Protecting Kaiser Aluminum and Chemical Corporation. (D.I. 1725). The Court issued an oral order on February 11, 2003, granting Clark limited discovery regarding its transaction with KACC, (D.I. 1739), and on March 11, 2003, the Debtors submitted under certification of counsel an Order Granting in Part and Denying in Part the Emergency Motion of Clark County for Reconsideration of 1/07/03 Motion. (D.I. 1913).

13.    After considering the additional evidence provided pursuant to the terms of the Discovery Order, the FERC issued a decision on June 25, 2003 terminating the Puget Sound Proceedings and denying refunds to any party (the "June 25[th] FERC Decision"). The FERC concluded that "appropriate relief was provided by institution of the West-wide mitigation plan in June 2001 and that the equities do not justify refunds." (June 25th FERC Decision at 2).

14.    On July 18, 2003, Clark filed another Emergency Motion for Limited
Relief from the Automatic Stay Protecting Kaiser Aluminum and Chemical Corporation
(D.I. 2598) to permit Clark to file a request for rehearing with the FERC as a jurisdictional
prerequisite to an appeal of the FERC's decision to the U.S. Circuit Court of Appeals.  The Court
entered an order denying Clark's motion on July 23, 2003.  (D.I. 2616).

### Description of Claims

15.    On January 30, 2003, claim numbers 3122 ("Claim No. 3122") and 7245
("Claim No. 7245" and collectively with Claim No. 3122, the "Clark Claims"), were filed by or
on behalf of Clark against KACC.  Claim No. 3122 asserts a general unsecured claim against
KACC in an unliquidated amount for any refund ordered by the FERC in the Puget Sound
Proceedings.  Claim No. 7245 asserts a general unsecured claim for $63,716,317.21 for any
disgorgement ordered by the FERC for KACC's alleged violation of the Federal Power Act for
making a jurisdictional sale of power without prior FERC authorization.

16.    The June 25th FERC Decision established that KACC has no outstanding
liability in respect of the Claims.  Claim No. 3122 and Claim No. 7245 each seek a refund of
allegedly excess profits made by KACC in the sale of BPA power to Clark for the months of
August and September 2001.  In the June 25th FERC Decision, however, the FERC concluded
that ordering refunds on the transactions at issue in the Puget Sound Proceedings would be
inequitable.  Accordingly, the FERC dismissed the Puget Sound Proceedings and expressly
refused to order any refunds, including any refund to Clark.[5]  Therefore, KACC has no liability
on the Clark Claims.

---

[5]    Although other parties may have appealed the June 25th FERC Decision, Clark is not a
party to any such appeal because Clark was not permitted to file a request for rehearing,
which is a jurisdictional prerequisite.

17.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability.  See 11 U.S.C. § 101(5).  By contrast, there is no right to payment — and therefore no claim — where the asserted liabilities are not due and owing by a debtor.  Because the June 25th FERC Decision eliminated any prospect for Clark to recover amounts from KACC in connection with the purchase of BPA power for the months of August and September 2001, the Clark Claims should be disallowed and expunged in their entirety.

### Reservation of Rights

18.     KACC specifically reserves the right to amend this Motion, file additional papers in support of this Motion, file a subsequent objection on any ground to any, or all, of the Clark Claims, or take other appropriate actions to (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of Clark or other interested parties or (b) further object to any of the Clark Claims based on additional information or documentation that may be provided by Clark or discovered upon further review by KACC or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules.

### Notice

19.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been given to:  (a) the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel to the Asbestos Committee; (d) counsel to the Asbestos Representative; (e) counsel to the Silica Representative; (f) counsel to the Retirees' Committee; (g) counsel to the Debtors' postpetition lenders; (h) counsel to MAXXAM Inc., the Debtors' principal equity holder; (i) Clark and its counsel; and (j) the parties that have requested notice in these chapter 11

cases.  In light of the nature of the relief requested herein, KACC submits that no other or further notice is required.

## **No Prior Request**

20.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, KACC respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B:  (i) disallowing and expunging the Clark Claims, pursuant to section 502 of the Bankruptcy Code, and (ii) granting such other and further relief as the Court may deem proper.

Dated:  October 10, 2005              Respectfully submitted,
        Wilmington, Delaware

                                    ___/s/ *Kimberly D. Newmarch*_____
                                    Daniel J. DeFranceschi (DE 2732)
                                    Kimberly D. Newmarch (DE 4340)
                                    RICHARDS, LAYTON & FINGER
                                    One Rodney Square
                                    P.O. Box 551
                                    Wilmington, Delaware 19899
                                    Telephone:  (302) 651-7700
                                    Facsimile:  (302) 651-7701

                                      -and-

                                    Gregory M. Gordon (TX 08435300)
                                    Daniel P. Winikka (TX 00794873)
                                    JONES DAY
                                    2727 North Harwood Street
                                    Dallas, Texas  75201
                                    Telephone:  (214) 220-3939
                                    Facsimile:  (214) 969-5100

                                    ATTORNEYS FOR DEBTORS
                                    AND DEBTORS IN POSSESSION

**Kaiser Aluminum Corp., et al.**
**Case No. 02-10429 (JKF)**

SUMMARY SHEET OF EXHIBITS

EXHIBIT A
Affidavit of Edward F. Houff

EXHIBIT B
Proposed form of order

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : **Jointly Administered** |
| **KAISER ALUMINUM CORPORATION,** | : **Case No.  02-10429 (JKF)** |
| a Delaware corporation, <u>et al.</u>, | : |
| | : |
| Debtors. | : |
| | : |
| **KAISER ALUMINUM & CHEMICAL** | : **Chapter 11** |
| **CORPORATION,** | : |
| | : |
| Movant, | : **Hearing Date:  11/14/05 @ 1:30 p.m.** |
| | : **Response Date:  10/25/05 @ 4:00 p.m.** |
| | : |
| vs. | : |
| | : |
| **PUBLIC UTILITY NO. 1 OF CLARK** | : |
| **COUNTY, d/b/a CLARK PUBLIC** | : |
| **UTILITIES,** | : |
| | : |
| Respondent. | |

<u>AFFIDAVIT OF EDWARD F. HOUFF</u>

STATE OF TEXAS            )
                          ) ss:
COUNTY OF HARRIS          )

EDWARD F. HOUFF, being duly sworn, deposes and states as follows:

1.      I have been employed by Kaiser Aluminum & Chemical Corporation

("KACC") since October 2001.  During my period of employment with KACC, I served as

Deputy General Counsel for Litigation from October 2001 through February 11, 2002, and I

became Acting General Counsel on February 12, 2002, the date on which KACC and several

other Debtors filed for bankruptcy protection under chapter 11 (the "Initial Petition Date").  I

served in this position through April 2002, when I became Vice President and General Counsel.

I assumed the position of Secretary of KACC in October 2002, and continued to hold this

position, as well as that of Vice President and General Counsel through December 31, 2004. On

January 1, 2003, I assumed the additional role of Chief Restructuring Officer, which I continued

to hold until December 31, 2004. On January 1, 2005, I assumed the position of Senior Vice

President and Chief Restructuring Officer. On August 16, 2005, I left direct employment by

KACC, but remain the Chief Restructuring Officer for KACC and the other Debtors under a

consulting agreement with a delegation of authority from the Debtors.

2.    I make this affidavit in connection with the Verified Motion of Debtor and

Debtor in Possession Kaiser Aluminum & Chemical Corporation for an Order Disallowing

Claims Filed by Clark Public Utilities (the "Motion"). Capitalized terms not otherwise defined

herein have the meanings given to them in the Motion.

3.    I am the individual responsible for coordinating and supervising the

review and analysis of claims against the Debtors, including the Clark Claims that are the subject

of the Motion. Accordingly, I am familiar with the activities that have taken place to date with

respect to the Clark Claims described in the Motion and the relief requested therein.

4.    To the best of the Debtors' knowledge and belief, the information

contained in the Motion is true and correct. Claim No. 3122 and Claim No. 7245, filed by or on

behalf of Clark, each seek a refund of allegedly excess profits made by KACC in the sale of BPA

power to Clark for the months of August and September 2001. In the June 25th FERC Decision,

however, the FERC concluded that ordering refunds on the transactions at issue in the Puget

Sound Proceedings would be inequitable. Accordingly, the FERC dismissed the Puget Sound

Proceedings and expressly refused to order any refunds, including any refund to Clark.

5.    Based on KACC's review of the June 25th FERC Decision and its analysis

of the Clark Claims, KACC has determined that Clark has no right to payment on account of the

Clark Claims.  As a result, it is my understanding that the Clark Claims should be disallowed and expunged in their entirety, pursuant to section 502 of the Bankruptcy Code.

FURTHER AFFIANT SAYETH NAUGHT.

Edward F. Houff

Sworn to and subscribed before me
this __7__ day of October, 2005

Notary Public

My commission expires: 5·4·09

CATHERINE GARCIA
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-04-2009

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **Jointly Administered** |
| **KAISER ALUMINUM CORPORATION,** | : | **Case No.  02-10429 (JKF)** |
| a Delaware corporation, <u>et al.</u>, | : | |
| | : | |
| Debtors. | : | |
| | : | |
| **KAISER ALUMINUM & CHEMICAL** | : | **Chapter 11** |
| **CORPORATION,** | : | |
| | : | |
| Movant, | : | **Hearing Date:  11/14/05 @ 1:30 p.m.** |
| | : | |
| | : | **Re: Docket No.____; Agenda Item____** |
| vs. | : | |
| | : | |
| **PUBLIC UTILITY NO. 1 OF CLARK** | : | |
| **COUNTY, d/b/a CLARK PUBLIC** | : | |
| **UTILITIES,** | : | |
| Respondent. | : | |

<u>**ORDER DISALLOWING CLAIMS FILED BY CLARK PUBLIC UTILITIES**</u>

       This matter coming before the Court on the Verified Motion of Debtor and Debtor

in Possession Kaiser Aluminum & Chemical Corporation for an Order Disallowing Claims Filed

by Clark Public Utilities (the "Motion"), filed by debtor Kaiser Aluminum & Chemical

Corporation, one of the above-captioned debtors and debtors in possession (collectively, the

"Debtors"); the Court having (a) entered on October 29, 2002 and March 17, 2003, orders

establishing January 31, 2003 (for the Debtors that filed in 2002) and May 15, 2003 (for the

Debtors that filed in 2003), respectively, as the bar dates by which most entities wishing to assert

a claim, other than asbestos-related personal injury claims, must file a proof of claim; and

(b) reviewed the Motion, the Affidavit of Edward F. Houff, attached thereto as Exhibit A (the

"Houff Affidavit") and all other related pleadings; the Court finding that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion was adequate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and the Houff Affidavit establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3.    Claim No. 3122 and Claim No. 7245 are disallowed in their entirety and expunged pursuant to section 502 of the Bankruptcy Code.

4.    This Court shall retain jurisdiction over the Debtors and Clark with respect to any matters relating to or arising from the Motion or the implementation of this Order.

5.    The Debtors, the Debtors' claims and noticing agent, Logan & Company, Inc. and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

Dated: _____, 2005          _____
                                       UNITED STATES BANKRUPTCY JUDGE

DLI-5936407v3
RLF1-2931398-1                          -2-

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| KAISER ALUMINUM CORPORATION, | : | Case No. 02-10429 (JKF) |
| A Delaware Corporation, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |

_____

| | | |
|---|---|---|
| KAISER ALUMINUM & CHEMICAL | : | |
| CORPORATION, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PUBLIC UTILITY NO. 1 OF CLARK | : | |
| COUNTY, d/b/a CLARK PUBLIC | : | |
| UTILITIES, | : | |
| | : | |
| Respondent. | : | |

**ORDER GRANTING PUBLIC UTILITY DISTRICT NO. 1 OF
CLARK COUNTY'S MOTION TO WITHDRAW THE REFERENCE**

UPON consideration of the motion of Public Utility District No. 1 of Clark County d/b/a

Clark Public Utilities ("Clark") for an order Withdrawing the Reference to the Bankruptcy Court

for the District of Delaware (the "Motion to Withdraw the Reference") of the proceeding

commenced by debtor Kaiser Aluminum and Chemical Corporation's ("Kaiser" ) Motion for an

Order Disallowing Claims Filed by Clark Public Utilities, filed on October 10, 2005 (Docket No.

7480) (the "Claims Objection"), and due and sufficient notice of the Motion to Withdraw the

Reference having been given; and upon the proceedings before the Court; and upon good and

sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1.      Clark's Motion to Withdraw the Reference is granted with respect to the Claims

Objection; and

2.      All proceedings before the Bankruptcy Court for the District of Delaware relating

to the Claims Objection are stayed.

Dated: Wilmington, Delaware
        November _____, 2005


_____
UNITED STATES DISTRICT COURT JUDGE

[TPW: NYLEGAL:391215.1] 19563-00001  10/21/2005 02:10 PM

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                            :
                                                  :    Chapter 11
KAISER ALUMINUM CORPORATION,     :    Case No. 02-10429 (JKF)
A Delaware Corporation, et al.,              :
                                                  :    Jointly Administered
                    Debtors.                    :
_____

KAISER ALUMINUM & CHEMICAL          :
CORPORATION,                                  :
                                                  :
                    Movant,                      :
                                                  :
       v.                                           :
                                                  :
                                                  :
PUBLIC UTILITY NO. 1 OF CLARK       :
COUNTY, d/b/a CLARK PUBLIC              :
UTILITIES,                                       :
                                                  :
                    Respondent.                :

### CERTIFICATE OF SERVICE

I, Frederick B. Rosner, hereby certify that on this 24th day of October, 2005, I served one copy of the *Motion to Withdraw the Reference of the Debtors' Motion for an Order Disallowing Claims [Docket No. 7480] Filed by Clark Public Utilities from the United States Bankruptcy Court for the District of Delaware* to be served upon the All Notice list as such term is defined in the Second Amended Order Establishing Case Management Procedures and Hearing Schedule [Docket No. 6098], vial electronic mail, and to the parties listed below in the manner indicated:

***Hand Delivery***
Kimberly D. Newmarch, Esquire
Richards Layton & Finger
One Rodney Square
Wilmington, DE 19801

***Federal Express***
Gregory M. Gordon, Esquire
Jones Day
2727 North Harwood Street
Dallas, TX 75201

**JASPAN SCHLESINGER HOFFMAN LLP**

By:     /s/ Frederick B. Rosner
        Frederick B. Rosner (No. 3995)
        913 Market Street, 12th Floor
        Wilmington, DE 19801
        Telephone:  (302) 351-8000
        Facsimile:   (302) 351-8010