**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : |
| | : **Jointly Administered** |
| **KAISER ALUMINUM CORPORATION, a** | : **Case No. 02-10429 (JKF)** |
| **Delaware Corporation, et al.** | : |
| | : **Chapter 11** |
| Debtors. | : |
| | : |
| **PUBLIC UTILITY NO. 1 OF CLARK** | : |
| **COUNTY, d/b/a CLARK PUBLIC UTILITIES,** | : |
| | : |
| Plaintiff, | : |
| | : **Civil Action No. 05-836 (JJF)** |
| vs. | : |
| | : |
| **KAISER ALUMINUM & CHEMICAL** | : |
| **CORPORATION,** | : |
| | : |
| Defendant. | : |
| | : |

**RESPONSE OF KAISER ALUMINUM & CHEMICAL CORPORATION**
**TO REQUEST OF CLARK PUBLIC UTILITIES TO REOPEN CASE**
**AND RENEWAL OF MOTION TO WITHDRAW THE REFERENCE**

Kaiser Aluminum & Chemical Corporation ("KACC"), the defendant in the

above-captioned adversary proceeding, hereby files this response to the request (the "Request")

of Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities ("Clark") to reopen

this case and renew its motion to withdraw the reference. In support of this response, KACC

respectfully represents as follows:

**Background**

Prior to the commencement of KACC's chapter 11 case, Clark intervened in a

Federal Energy Regulatory Commission ("FERC") proceeding commonly known as the Puget

Sound Proceeding and alleged that KACC had sold power to Clark and in doing so violated the

Federal Power Act by charging Clark unjust and unreasonable rates for power Clark purchased

for the months of August and September 2001 (the "Unreasonable Rate Claim"). Clark lost on the merits of the Unreasonable Rate Claim before a FERC Administrative Law Judge. Almost nine months later, Clark for the first time sought to assert a new theory of liability — that KACC also purportedly violated the Federal Power Act by making a jurisdictional sale of power without obtaining prior FERC authorization (the "Unauthorized Sale Claim"). Specifically, in June 2002, Clark sought relief from the automatic stay to pursue the Unauthorized Sale Claim. The Bankruptcy Court denied that motion, and Clark did not appeal the decision. On June 25, 2003, the FERC issued a final decision in the Puget Sound Proceeding, denying Clark relief on the merits of the Unreasonable Rate Claim.

In January 2003, prior to the FERC decision, Clark filed two proofs of claim in KACC's bankruptcy case, one for amounts allegedly due if it were successful on the Unreasonable Rate Claim and the other for amounts allegedly due if it were successful on the Unauthorized Sale Claim. Because the FERC's decision constitutes a final judgment on the merits of the Unreasonable Rate Claim and precludes any attempt by Clark to litigate the Unauthorized Sale Claim, KACC filed on October 10, 2005 its Verified Motion to Disallow Claims Filed by Clark Public Utilities (the "Motion to Disallow") (Bankr. D.I. 7480), which sought an order expunging Clark's proofs of claim from the claims registry. Clark responded by filing, among other pleadings (i) an objection to the Motion to Disallow (Bankr. D.I. 7593), (ii) a motion to determine that the Motion to Disallow is a noncore proceeding (Bankr. D.I. 7582), and (iii) a motion to withdraw the reference for the Motion to Disallow (Bankr. D.I. 7572) (the "Motion to Withdraw the Reference").

At a hearing before the bankruptcy court on November 14, 2005, the bankruptcy court determined that the Motion to Disallow was a core proceeding, and stated that it would like

additional briefing regarding the applicability of res judicata to resolve the Motion to Disallow. Accordingly, the bankruptcy court requested that KACC to file a motion for summary judgment (the "Motion for Summary Judgment") and scheduled a telephonic hearing regarding the Motion for Summary Judgment for January 12, 2006. KACC thereafter, on December 22, 2005, filed its Motion for Summary Judgment and a related brief (Bankr. D.I. 7841, 7842). Clark filed a response brief on December 22, 2005 (Bankr. D.I. 8017), and KACC filed a reply brief on December 29, 2005 (Bankr. D.I. 8043).

Meanwhile, in this Court, the Motion to Withdraw the Reference was docketed on December 5, 2005, and Clark simultaneously filed (i) the Emergency Motion of Clark Public Utilities for Stay of Further Proceedings Related to the Debtors' Motion for an Order Disallowing Claims Pending Determination of Motion to Withdraw Reference (District Court case no. 05-836, D.I. 6.) (the "Emergency Stay Motion"); (ii) a brief in support of the Emergency Stay Motion (District Court case no. 05-836, D.I. 7.); and (iii) the Motion for Expedited Hearing for the Emergency Stay Motion (District Court case no. 05-836, D.I. 8.) (the "Motion for Expedited Hearing"). The Court held a hearing regarding Clark's Emergency Stay Motion on January 10, 2006 and denied the Emergency Stay Motion because Clark failed to establish either irreparable harm or a likelihood of success on the merits. (Tr. of January 10, 2006 Hr'g. at 41.) The Court also delayed any decision regarding the Motion to Withdraw the Reference pending bankruptcy court resolution of the Motion for Summary Judgment, and indicated that if Clark ultimately appealed the decision of the bankruptcy court, the Court would then choose to either decide the dispute between the parties on the Motion to Disallow pursuant to the appeal or pursuant to the Motion to Withdraw the Reference. (Id. at 42.) On April 12, 2006, since nothing had taken place in the case subsequent to the hearing, the Court entered an order that (i) denied

the Motion to Withdraw the Reference with leave to renew, and (ii) stayed and administratively closed this case with leave to reopen upon written request of any party. (District Court case no. 05-836, D.I. 25.)

With respect to the Motion for Summary Judgment before the bankruptcy court, the bankruptcy court proceeded with its telephonic hearing on January 12, 2006, and issued its ruling at a hearing on January 30, 2006. The bankruptcy court granted the Motion for Summary Judgment and (i) disallowed the Unauthorized Sale Claim because it was precluded, and (ii) disallowed the Unreasonable Rate Claim because it was, at best, a contingent claim that did not represent a valid liability of the Debtors. The bankruptcy court entered an order to that effect on March 7, 2006 (Bankr. D.I. 8371).

Clark filed a notice of appeal from the bankruptcy court's order on March 16, 2006 (Bankr. D.I. 8415), and the appeal was docketed in this Court on April 19, 2006. After unsuccessful attempts by the parties to settle the matter, the parties requested that the Court waive the mediation requirement. The Court entered a scheduling order on August 15, 2006. (District Court case no. 06-247, D.I. 6.) Pursuant to that order, Clark filed its Brief of Appellant on August 30, 2006 (District Court case no. 06-247, D.I. 7), and KACC filed a responsive brief on September 14, 2006. (District Court case no. 06-247, D.I. 9.) Briefing in the appeal of the bankruptcy court's order will be completed when Clark files its reply on or before September 25, 2006.

On September 13, 2006, Clark filed its Request seeking to reopen this case and renew its Motion to Withdraw the Reference. (District Court case no. 05-836, D.I. 27.)

### Clark's Request Should Be Denied

As an initial matter, Clark offers no explanation whatsoever for its inexcusably substantial delay in filing the Request. Clark's appeal of the bankruptcy court's order and this

Court's order closing this case were docketed in April 2006, nearly five months before Clark

filed its Request. At any time after April 2006, Clark could have requested that the Court reopen

this case. Instead, Clark inexplicably waited to file its Request until September 13, 2006, when

briefing in the appeal was nearing completion. For this reason alone, Clark's Request should be

denied.

        More importantly, no purpose would be served at this point in withdrawing the

reference. The issues were fully briefed in the bankruptcy court, and the bankruptcy court has

issued a decision. Moreover, the appeal of that decision has been docketed in this Court and the

last brief is due on the same date this response is being filed. Reopening this case at this point

will add nothing to the resolution of the dispute other than the additional expense of duplicative

briefing and potential delay due to the pendency of two proceedings on the same issues.

### Clark's Request for Oral Argument Should Also Be Denied

        Clark has requested oral argument on its Request. Pursuant to Rule 7.1.4. of the

Local Rules of Civil Practice and Procedure of the United States District Court for the District of

Delaware, this Court has discretion to grant or deny a motion for a hearing — "An application

for oral argument may be granted or denied, in the discretion of the Court." For the reasons set

forth above, a hearing in this matter is wholly unnecessary, and this Court should exercise its

discretion and deny Clark's request for a hearing.

Dated:  September 25, 2006
      Wilmington, Delaware

Respectfully submitted,

_Kimberly D. Newmarch_

Daniel J. DeFranceschi (DE 2732)
Kimberly D. Newmarch (DE 4340)
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

    -and-

Gregory M. Gordon (TX 08435300)
Daniel P. Winikka (TX 00794873)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100

ATTORNEYS FOR DEFENDANT KAISER
ALUMINUM & CHEMICAL CORPORATION