## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>**KAISER ALUMINUM CORPORATION,**<br>A Delaware Corporation, *et al.,*<br><br>**Debtors.** | **Chapter 11**<br><br>**Bankruptcy Case No. 02-10429 (JKF)** |
| **PUBLIC UTILITY NO. 1 OF CLARK COUNTY, d/b/a CLARK PUBLIC UTILITIES,**<br><br><div align="center">**Plaintiff,**</div><br>v.<br><br>**KAISER ALUMINUM & CHEMICAL CORPORATION,**<br><div align="center">**Defendant.**</div> | **Civil Action 05-836-JJF**<br><br><br>**ORAL ARGUMENT REQUESTED** |

### CLARK'S REPLY TO KAISER'S RESPONSE TO REQUEST TO REOPEN CASE AND RENEWAL OF MOTION TO WITHDRAW THE REFERENCE

Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities ("Clark"), files this reply to the Response of Kaiser Aluminum and Chemical Corporation ("Reply") to Request of Clark Public Utilities to Reopen Case and Renewal of Motion to Withdraw the Reference (the "Request")[1], and in support thereof would show the Court the following:

1.      Clark files this Reply because it is concerned that Kaiser has intentionally mislead the Court into believing that there has been some undue delay on the part of Clark in bringing its Request.

2.      Kaiser failed to inform the Court that the reason the Request was not filed earlier was that during the time period in question, Clark was participating in good faith in the

---

[1]      Unless otherwise defined, all capitalized terms herein shall have the same meaning given to them in the Request which is incorporated herein by reference for all purposes.

mandatory mediation procedures imposed by this Court for all bankruptcy appeals. Under those procedures, all "[b]riefing [is] deferred during the pendency of the mediation." See Standing Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District attached hereto as Exhibit A.

3.      In this instance, the mediator did not file his Certificate of Completion until August 9, 2006. Thereafter, the Court (on August 15, 2006) issued its briefing schedule and Clark timely filed its brief and moved the Court to reopen the proceedings dealing with the Motion to Withdraw the Reference. Prior to that time, the Request was not ripe for consideration and Kaiser most certainly would have chastised Clark if Clark had filed its Request during the mediation process.

4.      Now that the mediation is concluded and the appeal is properly before the Court, the Court should now reopen this case and decide whether it will withdraw the reference and refer this matter to FERC.

5.      According to the terms of the Court's prior Order, this case may be reopened pursuant to the written request of any party.[2] Furthermore, Clark has appealed an adverse ruling by the Bankruptcy Court and, according to the Court's prior Order, the Court should now decide whether to decide the pending motion to withdraw the reference or allow an appeal of the Bankruptcy Court's decision. Accordingly, Clark submits that it Request that the Case No. 05-836-JJF be reopened and renew its Motion to Withdraw the Reference is both proper and timely.

6.      Kaiser does not attempt to set forth any legitimate cause of denying Clark's Request. Similar to its objections to Clark's Claims, Kaiser simply requests the Court to deny the

---

[2]      Importantly, the order contains no deadline by which such request must be made.

relief so that Kaiser may avoid the inconvenience of actually having to litigate this matter. This is not a proper basis for denying the Request.

7.      Based on the foregoing, Clark requests that this Court (i) reopen Case No. 05-836-JJF, (ii) lift the stay of proceedings in Case No. 05-836-JJF, and (iii) withdraw the reference of jurisdiction from the Bankruptcy Court so that the Claims Objection may be referred to FERC, which has exclusive jurisdiction over the Claims.

<div align="center">

**CONCLUSION & PRAYER**

</div>

For all of the foregoing reasons, Clark respectfully requests entry of an Order: (i) reopening Case No. 05-836-JJF; (ii) lifting the stay of proceedings in Case No. 05-836-JJF; (iii) withdrawing the reference from the Bankruptcy Court of the Claims Objections; and (iv) granting such other relief as is just and proper.

Dated: September 28, 2006

DUANE MORRIS

_____
Frederick B. Rosner (DE No.3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Tel:  (302) 657-4900
Fax: (302) 657-4901

BRACEWELL & GUILIANI LLP

William A. Wood, III, Esq.
(Texas Bar (TX 21916050)
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

George H. Williams, Esq.
2000 K Street, N.W., Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax:    (202) 223-1225

<div align="center">

-3-

</div>

-4-

and

THACHER PROFFITT & WOOD LLP

Christopher F. Graham, Esq.
Louis A. Curcio, Esq.
Two World Financial Center
New York, New York 10281
Tel: (212) 912-7400
Fax: (212) 912-7751

*Counsel to Public Utility District No. 1 of
Clark County d/b/a Clark Public Utilities*

DM3\399595.1