Civil Action No. 05-836 JJF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PUBLIC UTILITY DISTRICT NO. 1 OF CLARK COUNTY d/b/a Clark Public Utilities,

Appellant,

v.

KAISER ALUMINUM & CHEMICAL CORPORATION, et al.,

Appellees.

Bankruptcy No. 02-10429 (JKF)

IN RE: KAISER ALUMINUM CORPORATION, et al.

Debtors.

On Appeal From The United States Bankruptcy Court
For The District Of Delaware

**REPLY BRIEF OF APPELLANT**

| | |
|---|---|
| DUANE MORRIS<br>Frederick B. Rosner, Esq.<br>(ID No. 3995)<br>1100 North Market Street, Suite 1200<br>Wilmington, DE 19801-1246<br>Tel.: (302) 657-4900<br>Fax: (302) 657-4901<br><br>BRACEWELL & GIULIANI LLP<br>George H. Williams, Esq.<br>2000 K Street, N.W., Suite 500<br>Washington, DC 20006<br>Tel.: (202) 828-5800<br>Fax: (202) 223-1225 | BRACEWELL & GIULIANI LLP<br>William A. Wood, III, Esq.<br>(Texas Bar ID 21916050)<br>Warren W. Harris, Esq.<br>(Texas Bar ID 09108080)<br>Tracy C. Temple, Esq.<br>(Texas Bar ID 00793446)<br>711 Louisiana Street, Suite 2300<br>Houston, Texas 77002-2781<br>Tel.: (713) 223-2300<br>Fax: (713) 221-1212 |

*Counsel to Public Utility District No. 1 of Clark County
d/b/a Clark Public Utilities*


# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

SUMMARY OF THE ARGUMENT ....................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I.  The Bankruptcy Court Erred in Finding That It Had Jurisdiction Over Clark's Claims Because Exclusive Jurisdiction of the Claims Lies With FERC ................................... 2

    A.  Subject matter jurisdiction is a threshold requirement ......................................... 3

    B.  The core or non-core nature of a proceeding refers to the bankruptcy court's ability to issue a final judgment and not to whether the court has subject matter jurisdiction ......................................................................... 3

    C.  *In re Enron Corp.* is inapposite .......................................................................... 5

II. The Bankruptcy Court Erred in Granting Summary Judgment Because Clark's Claims are Not Barred by Res Judicata ............................................................................. 8

    A.  The unauthorized sale claim is not barred ......................................................... 8

    B.  Kaiser's new argument regarding the unjust and unreasonable rate claim must be rejected .................................................................................................. 12

        1.  The bankruptcy court based its decision on Kaiser's res judicata argument ......................................................................... 12

        2.  If the bankruptcy court denied the claim based on its alleged contingent nature, the bankruptcy court erred ................................. 14

CONCLUSION ...................................................................................................................... 15

# TABLE OF AUTHORITIES

*Cases*

*Avellino & Bienes v. M. Frenville Co., Inc. (In re M. Frenville Co., Inc.),*
744 F.2d 332 (3d Cir. 1984) ............................................................................................. 14

*Cal. Dept. of Water Res. v Calpine Corp. (In re Calpine Corp.),*
337 B.R. 27 (S.D.N.Y. 2006) ............................................................................................. 4

*California v. Enron Corp. (In re Enron Corp.),*
No. 05 Civ. 4079 (GBD), 2005 WL. 1185804 (S.D.N.Y. May 18, 2005) ..................... 5, 6

*Carolina Power & Light Co.,* 87 F.E.R.C. ¶ 61,083 (1999) ................................................... 8

*Clark-Cowlitz Joint Operating Agency v. FERC,* 826 F.2d 1074 (D.C. Cir. 1987) ............ 10

*Cohen v. Superior Oil Corp.,* 90 F.2d 810 (3d Cir. 1937) ...................................................... 9

*Enron Power Mktg., Inc. v Cal. Power Exch. Corp. (In re Enron Corp.) ("EPMI"),*
No. 04 Civ. 8177(RCC), 2004 WL. 2711101 (S.D.N.Y. Nov. 23, 2004) ................. 4, 6, 7

*Mazzeo v. United States (In re Mazzeo),* 131 F.3d 295 (2d Cir. 1997) ................................. 14

*Protocomm Corp. v. Novell, Inc.,*
Case No. 94-7774, 1998 WL. 351605 (E.D. Pa. June 30, 1998) ..................................... 11

*Stanger v. Athos Steel Aluminum, Inc. (In re Athos Steel and Aluminum, Inc.),*
71 B.R. 525 (Bankr. E.D. Pa. 1987) .................................................................................. 3

*Williams Nat. Gas Co.,* 83 F.E.R.C. ¶ 63,015 (1998) ............................................................. 9

*Statutes*

11 U.S.C. §§ 157(b)(2) ............................................................................................................ 4

16 U.S.C. § 824 ........................................................................................................................ 7

28 U.S.C. § 157 ................................................................................................................... 3, 7

28 U.S.C. § 1334 ..................................................................................................................... 3

*Miscellaneous*

RESTATEMENT (SECOND) OF JUDGMENTS Ch. 1 .................................................................... 9

RESTATEMENT (SECOND) OF JUDGMENTS § 83 cmt. a (1982) ................................................ 9

Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities files its Reply Brief of Appellant. Appellant Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities will be referred to as Clark. Appellee Kaiser Aluminum and Chemical Corporation will be referred to as Kaiser.

## SUMMARY OF THE ARGUMENT

The bankruptcy court acted without subject matter jurisdiction in granting summary judgment and disallowing Clark's unauthorized sale and unjust and unreasonable rate claims. FERC is the entity with exclusive jurisdiction over Clark's claims. Kaiser argues in its brief that the bankruptcy court had jurisdiction because the disallowance of Clark's claims is a core proceeding. Kaiser's argument misses the mark; whether the disallowance of Clark's claims is a core or non-core proceeding is not dispositive of whether the bankruptcy court had subject matter jurisdiction. Only if it is first established that the bankruptcy court had subject matter jurisdiction would it then determine whether the proceeding is core or non-core. In this case, the bankruptcy court simply did not have subject matter jurisdiction over Clark's claims and it thus erred in entering its Order.

The bankruptcy court also erred in granting summary judgment on grounds of res judicata. The unauthorized sale claim is not barred because there was no final judgment and because it is a claim that was not brought and could not have been brought in the Puget Sound Proceeding. Indeed, every time Clark attempted to bring the claim, Kaiser persuaded the bankruptcy court not to lift the stay, thereby preventing Clark's efforts. Even when the Puget Sound Proceeding was reopened, Kaiser and the bankruptcy court prevented Clark from having a full and fair opportunity to litigate the unauthorized sale claim. Application of res judicata principles to Clark's claim in this case is a fundamental denial of Clark's due process rights.

Kaiser's new argument that the bankruptcy court did not deny the unjust and unreasonable rate claim on the basis of res judicata, but rather simply disallowed it as a contingent claim, is refuted by its own motion for summary judgment and by the bankruptcy court's explanation of its ruling on the record. Moreover, in its brief Kaiser does not even attempt to argue that the elements of res judicata were satisfied with regard to the unjust and unreasonable rate claim, and thus Kaiser tacitly admits that res judicata should not apply. If the bankruptcy court did disallow the claim because it is allegedly contingent, it erred in doing so. Clark's claims are not contingent, they are disputed. There is no basis (under bankruptcy law or otherwise) for disallowing a claim merely because it is disputed. Therefore, the bankruptcy court's order should be reversed.

## ARGUMENT

### I.
### The Bankruptcy Court Erred in Finding That It Had Jurisdiction Over Clark's Claims Because Exclusive Jurisdiction of the Claims Lies With FERC.

The bankruptcy court erred by entering its order disallowing Clark's claims. The determinations made by the bankruptcy court in this case fall within the exclusive jurisdiction of FERC and, thus, the bankruptcy court has no jurisdiction over the claims. Kaiser does not refute that the subject matter of Clark's claims is within the exclusive jurisdiction of FERC, but claims that the bankruptcy court had jurisdiction to disallow Clark's claims because the proceeding involved a core proceeding—a proceeding to determine the allowance or disallowance of a claim. Kaiser's argument is incorrect. Whether or not the allowance or disallowance of a claim in bankruptcy would be a core proceeding, where the subject matter of that claim is within the exclusive jurisdiction of a federal regulatory agency, the bankruptcy court cannot make the determinations necessary to disallow such a claim. The fact that a proceeding of a particular

type is a core proceeding does not mean that the bankruptcy court automatically has subject matter jurisdiction to adjudicate the matter presented in that proceeding.

### A.   *Subject matter jurisdiction is a threshold requirement.*

The jurisdiction of a bankruptcy court is granted through the district court that refers the bankruptcy case to the bankruptcy court. 28 U.S.C. § 1334; 28 U.S.C. § 157. The district court cannot grant jurisdiction that the district court itself does not have. Therefore, if the district court would not have jurisdiction over a particular claim, the bankruptcy court does not have jurisdiction either. Jurisdiction in the bankruptcy court is determined through a two step process. The threshold determination is whether the bankruptcy court has subject matter jurisdiction over the claims asserted. *Stanger v. Athos Steel Aluminum, Inc. (In re Athos Steel and Aluminum, Inc.)*, 71 B.R. 525, 531 (Bankr. E.D. Pa. 1987). Only after the court has addressed the threshold issue of whether it has subject matter jurisdiction does the court then determine if the proceeding is a core or non-core matter. *Id.* The fact that the *proceeding* is a core proceeding does not necessarily mean that the court has subject matter jurisdiction over the claim. For example, 28 U.S.C. § 157(b)(5) specifically excepts personal injury tort and wrongful death claims from bankruptcy court jurisdiction even though the allowance or disallowance of those claims would otherwise be a core proceeding.

### B.   *The core or non-core nature of a proceeding refers to the bankruptcy court's ability to issue a final judgment and not to whether the court has subject matter jurisdiction.*

The core or non-core nature of a proceeding merely determines whether the bankruptcy court may issue a final judgment on the matter or must submit its findings to the district court for final determination. 28 U.S.C. § 157(c). The bankruptcy court may hear non-core matters, but may not issue a final judgment on such matters. 28 U.S.C. § 157(c). The core or non core nature of a proceeding does not and cannot grant the bankruptcy court jurisdiction over claims over

which the bankruptcy court would not have subject matter jurisdiction. *See Cal. Dept. of Water Res. v Calpine Corp. (In re Calpine Corp.)*, 337 B.R. 27, 38 (S.D.N.Y. 2006), *appeal docketed*, No. 06-0480-bk (2d Cir. Feb. 1, 2006) (holding that FERC had exclusive jurisdiction over the contracts subject to the debtors' motion to reject although the motion to reject is a core proceeding); *Enron Power Mktg., Inc. v Cal. Power Exch. Corp.*, No. 04 Civ. 8177(RCC), 2004 WL 2711101 at *4 (S.D.N.Y. Nov. 23, 2004) (hereafter referred to as "EPMI") (holding that the bankruptcy court did not have authority to adjudicate certain claims objections because the determinations involved in the core proceeding involved the substantial and material consideration of federal law outside the Bankruptcy Code).

*In re Calpine* demonstrates that the fact that a particular proceeding is a core proceeding does not necessarily mean that the bankruptcy court has jurisdiction over the issues presented. *See generally In re Calpine*, 337 B.R. 27 (holding that the bankruptcy and district courts lacked subject matter jurisdiction over contracts subject to the debtors' motion to reject certain contracts). In *In re Calpine*, the debtors moved to reject certain filed rate energy contracts. *Id.* at 30-31. A proceeding by a debtor in bankruptcy to assume or reject executory contracts is a core proceeding. *See* 11 U.S.C. §§ 157(b)(2). Notwithstanding the core nature of the proceeding, the *In re Calpine* court held that the bankruptcy court and the district court lacked subject matter jurisdiction over the contracts at issue and, thus, did not have jurisdiction to make the determinations raised by the debtors' motion to reject the filed rate contracts. *In re Calpine*, 337 B.R. at 39. Similarly, the bankruptcy court in this case does not have jurisdiction to determine the issues raised by Clark's claims and, thus, lacks jurisdiction to make the determinations necessary to adjudicate Kaiser's motion, even though Kaiser's motion would otherwise be a core proceeding.

C.     **In re Enron Corp.** *is inapposite.*

Kaiser relies heavily on *California v. Enron Corp. (In re Enron Corp.)*, No. 05 Civ. 4079 (GBD), 2005 WL 1185804 (S.D.N.Y. May 18, 2005) for the assertion that the bankruptcy court in this case has jurisdiction to determine the issues presented by Kaiser's objections to Clark's claims. (Br. of Appellees at 20). Kaiser's reliance on *In re Enron* is misplaced for two reasons.

First, the court's holding in *In re Enron* was that the claims involved did not require substantial and material review and interpretation of the FPA. *In re Enron*, 2005 WL 1185804 at *2. Because the claims asserted by the defendants in *In re Enron* were not within the exclusive jurisdiction of FERC, the holding of that case is inapposite to the instant case where Clark's claims are within the exclusive jurisdiction of FERC.

The claims asserted by the defendants in *In re Enron* included: (i) claims for refunds and amounts based upon violations of the FPA that are under consideration by FERC; (ii) claims for violation of various state and federal laws premised on Defendants' alleged gaming and manipulation of the electric, power and natural gas markets; and (iii) claims based on pre-petition meter data errors. *Id.* at *1. The FPA violations and jurisdictional conflicts raised by the defendants in *In re Enron* were based on certain tariffs established by FERC. The *In re Enron* Court held that these claims did not present the bankruptcy court with a jurisdictional conflict between FERC and the bankruptcy court because the determinations necessary to adjudicate the objections did not require substantial and material interpretation of non-bankruptcy law. *Id.* Unlike the claims presented in *In re Enron*, the determinations at issue in this case require substantial review and interpretation of the FPA as established by Clark.

The objections to the claims addressed in *In re Enron* are also wholly different than the bases for Kaiser's objection to Clark's claims. Enron objected to the defendants' claims on the following bases: (i) that Enron had no role in the activities giving rise to the claims; (ii) with

respect to the refund claims, that the defendants were not in privity with Enron and no relationship existed between Enron and the defendants with respect to the purchase or sale of wholesale power; (iii) that the claims were duplicative of each other; (iv) that the defendants' claims under various state laws were preempted by applicable federal law; and (v) that the claims were improperly classified. *See* Debtors' Memorandum of Law in Opposition to Motion by Creditors Bill Lockyer, *et al.* to Withdraw the Reference, No. 05 Civ. 04079(GBD) at Docket No. 6 (filed April 26, 2005). None of those disputes necessarily involve interpretations of the Federal Power Act or matters under the FPA left to FERCs exclusive jurisdiction. Here, in contrast, the matters at issue involve (1) whether the Kaiser-Clark sale price was just and reasonable under the FPA, and (2) whether the Kaiser-Clark sale was authorized under the FPA. Both are matters exclusively within FERC domain. *In re Enron* is, thus, inapposite to the instant case.

Second, the same court that decided *In re Enron* has recognized that a bankruptcy court cannot adjudicate objections to claims where the claims require "substantial and material consideration of federal law beyond Title 11" to make necessary determinations, such as whether the claims fall within the exclusive jurisdiction of FERC. *EPMI*, 2004 WL 2711101 at *4. In *EPMI*, the defendant filed a proof of claim asserting a claim against certain collateral held by the defendant pursuant to tariff and rate schedules established by FERC. *Id.* at *1. The debtor filed an adversary complaint and objection to the claim for the purpose of objecting to the defendant's claim and seeking a judgment for turnover of the collateral, both core proceedings. *Id.* The defendant moved to withdraw the reference on the ground that jurisdiction over the claims objected to and involved in the adversary proceeding lies exclusively with FERC because determination of the value of the claims is dependant "on the tariff-and-rate schedule approved

by FERC pursuant to FERC's exclusive jurisdiction under the Federal Power Act." *Id.* In determining that the reference should be withdrawn as to the core proceedings presented under the mandatory withdrawal provisions of 28 U.S.C. § 157(d), the *EPMI* Court noted the conflict between FERC's jurisdiction and that of the bankruptcy court.

> As a threshold issue, it must be determined who has jurisdiction over the collateral at issue. Such a determination requires an examination of the interrelation between the bankruptcy and federal energy regulatory laws and the spheres of authority that enforce those laws. Under the Federal Power Act, the FERC has the exclusive authority to pass upon the reasonableness of the structure, terms, and conditions pertaining to the sale and distribution of wholesale electric rates, *see* 16 U.S.C. §§ 824, 824d and 824e, but Enron casts its requested relief in non-regulatory terms and asserts that the Bankruptcy Court is confronted with a simple bankruptcy case-nothing more than a contractual dispute between the parties raising security-interest issues--such that the Bankruptcy Court can make the determination of whether to turn over the proceeds "under the provisions of the Bankruptcy Code governing secured claims, applicable nonbankruptcy law, and the terms of [Enron's] contractual agreements with [CalPX]."
>
> . . . .
>
> The Bankruptcy Court cannot adjudicate this objection and determine whether the letter-of-credit proceeds must be turned over to Enron's bankruptcy estate without substantial and material consideration of federal law beyond Title 11 to determine, at the outset, whether the funds at issue fall within the FERC's exclusive jurisdiction or whether this is a garden-variety bankruptcy case. Accordingly, Defendants' motion to withdraw the reference is granted on mandatory-withdrawal grounds so that this Court may resolve the threshold jurisdictional issues in accordance with applicable non-bankruptcy federal law.

*Id.*

The instant case is analogous to the *EPMI* case in almost all respects. Clark filed proofs of claim, the substance of which is within the exclusive jurisdiction of FERC. The debtors moved to disallow the claims of Clark on the basis that these claims were precluded by res judicata and asserting that this is just a simple bankruptcy matter. Clark moved to withdraw the reference because the bankruptcy court cannot decide the issues presented in this proceeding without substantial and material consideration and interpretation of the FPA. Moreover, all of

Clark's claims are firmly within the exclusive jurisdiction of FERC, unlike those presented in *In re Enron*. Accordingly, the bankruptcy court erred in disallowing claims over which it did not have jurisdiction and which were subject to mandatory withdrawal of the reference

## II.
## The Bankruptcy Court Erred in Granting Summary Judgment Because Clark's Claims are Not Barred by Res Judicata

The bankruptcy court erred in granting summary judgment on Clark's claims because Kaiser failed to establish as a matter of law the elements of res judicata. The elements of res judicata are not established with respect to both the unauthorized sale claim and the unjust and unreasonable rate claim. The bankruptcy court's order must be reversed.

### A.   *The unauthorized sale claim is not barred.*

Clark established that it is not barred, under the doctrine of res judicata, from asserting its unauthorized sale claim because the Puget Sound Proceeding involved a different cause of action, there has been no final judgment on the merits of the claim, and because the claim could not have been brought in the Puget Sound Proceeding. (Br. of Appellant at 20-26). Kaiser's arguments to the contrary are unpersuasive for three reasons.

First, Kaiser argues that the unauthorized sale claim is not a different cause of action, but merely a different theory of recovery for the same course of allegedly wrongful conduct. (Br. of Appellees at 28). Kaiser, however, does not even address the authority cited by Clark in its brief setting forth how FERC considers an unauthorized sale claim to be a different claim and a different injury than an unreasonable rate claim.[1] (*See* Br. of Appellant at 22-23 (citing *Carolina*

---

[1] Kaiser is incorrect in its assertion that Clark "effectively concedes" that the third element of the *Lake Murray Docks* test is satisfied. (Br. of Appellees at 28-29). Clark does not concede that the third element (or elements 1 and 2 for that matter) is satisfied. In fact, Clark established that the two claims involve different rights—one is the right of Clark not to suffer unjust and unreasonable rates and the other is the right of FERC to enforce its regulations. (*See* Br. of Appellant at 23).

*Power & Light Co.*, 87 FERC ¶ 61,083 at 61,356 (1999)). The unauthorized sale claim involves different statutory obligations and different injuries than the unreasonable rate claim and is, therefore, a different cause of action.

Second, Kaiser incorrectly argues that the June 25, 2001 FERC decision in the Puget Sound Proceeding was a final judgment on the merits. It is undisputed that the FERC decision is on appeal to the Ninth Circuit. In a footnote, Kaiser contends that the existence of an appeal does not prevent application of res judicata, citing a non-administrative agency case, *Cohen v. Superior Oil Corp.*, 90 F.2d 810, 811-12 (3d Cir. 1937). (Br. of Appellees at 31 n.12). Whether the existence of an appeal affects the application of res judicata in the context of an administrative decision depends on the finality of the agency order. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 83 cmt. a (1982) ("The rule of this Section applies as between successive actions or proceedings. It does not apply when a determination of an administrative tribunal is being subjected to direct judicial review."). As explained in *Williams Nat. Gas Co.*, an administrative agency order is given preclusive effect only when the agency has had "the final word," such as when there has been no appeal. 83 FERC ¶ 63,015 at 65,116 n.13 (1998). The FERC decision is on appeal, and thus the agency has not had "the final word." Because there has been no final judgment on the merits, application of res judicata to bar Clark's claim is inapplicable.

Third, the unauthorized sale claim was not brought and could not have been brought in the Puget Sound Proceeding. Essential to the doctrine of claim preclusion is the notion that the party had a full and fair opportunity to litigate the claim that is sought to be precluded. *See* RESTATEMENT (SECOND) OF JUDGMENTS Ch. 1, Intro. (1982) ("The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an

appropriate tribunal usually ought not to have another chance to do so. . . . The "chance" to litigate is not simply some unspecified opportunity for disputation over legal rights; it is the opportunity to submit a dispute over legal rights to a tribunal legally empowered to decide it according to definite procedural rules. Any less formal process would be regarded as either legally inconclusive—that is, not a serious and genuine "chance" to litigate—or fundamentally unfair."). Indeed, due process concerns require that a party be given a full and fair opportunity to litigate a claim before it can be precluded under res judicata. *See id.* ("The requirements of Due Process prescribe the outer constitutional limits of a procedural system that may yield a conclusive product, *i.e.*, one entitled to res judicata effects."). In this case, Clark did not have a full and fair opportunity to litigate the unauthorized sale claim because every time it attempted to raise the claim, Kaiser and the bankruptcy court prevented it from doing so. (*See* Docket Nos. 2616, 8017, Ex. 7, 8018 at 4). As a result, res judicata cannot apply. *See Clark-Cowlitz Joint Operating Agency v. FERC*, 826 F.2d 1074, 1079 (D.C. Cir. 1987) ("In the case at hand, the Eleventh Circuit neither addressed nor had the opportunity to address the specific issue (or claim) before us. . . .").[2]

Without citing any authority, Kaiser argues that Clark should have brought the unauthorized sale claim before the ALJ issued its decision and before the bankruptcy stay went into effect. (Br. of Appellees at 32). This argument is without merit. Clark brought the claim as soon as it became aware of it. (Docket No. 8018 at 5). There was no statute of limitations that required Clark to bring the claim any earlier. Further, any failure to bring the claim before the ALJ issued her decision is irrelevant. The Commission in fact reopened the Puget Sound

---

[2] Contrary to Kaiser's claim, Clark does not confuse issue preclusion and claim preclusion. (Br. of Appellees at 31). The rule set forth in *Clark-Cowlitz* that res judicata does not apply where a tribunal had no opportunity to address a claim applies with equal force to both issue preclusion and claim preclusion. *See Clark-Cowlitz*, 826 F.2d at 1079.

Proceeding and specifically ruled that Clark should be able to participate in the reopened proceeding. (Docket No. 8017, Ex. 8; Docket No. 8018 at 4). Nevertheless, the bankruptcy court, at Kaiser's insistence, strictly limited Clark's ability to participate in the reopened proceeding and would not allow Clark to raise the unauthorized sale claim. (*See* Docket No. 2000 at 3).

Kaiser also suggests that Clark's claim should be precluded because it did not appeal the bankruptcy court's refusal to lift the automatic stay,[3] citing the unpublished opinion in *Protocomm Corp. v. Novell, Inc.*, Case No. 94-7774, 1998 WL 351605, at *10 (E.D. Pa. June 30, 1998). (Br. of Appellees at 32-33). In addition to the fact that it lacks any precedential authority, *Protocomm Corp.* is distinguishable. In *Protocomm Corp.*, the party against whom res judicata was asserted at least had the opportunity to ask to add a claim, which request was denied. *Id.* at *2. Clark was denied the right to even ask FERC to add the unauthorized sale claim due to Kaiser's actions. Moreover, the party in *Protocomm Corp.* actually participated in the appeal of the first case and the decision in the first case was affirmed. *Id.* In this case, Clark was denied the right to appeal the FERC decision due to Kaiser's actions. Finally, there was a final judgment in *Protocomm* that was affirmed on appeal. *Id.* at *4. In this case, there has been no final judgment. In sum, the party in *Protcomm Corp.* arguably had its day in court, whereas Clark has been repeatedly denied its day in court by Kaiser's actions and the bankruptcy court's refusal to lift the automatic stay. *Protocomm Corp.* provides no support for Kaiser's argument.

---

[3] As pointed out in Clark's brief, an appeal would not have been an effective remedy from the bankruptcy court's orders because of the timing involved in FERC proceedings and because denials of motions to lift stays are generally not appealable. (*See* Br. of Appellant at 31).

B.  *Kaiser's new argument regarding the unjust and unreasonable rate claim must be rejected.*

In its Brief of Appellant, Clark showed that the unreasonable rate claim is not barred by res judicata because there was no final decision on the merits of Clark's claim and, thus, the bankruptcy court erred in disallowing that claim. (Br. of Appellant at 27-28). Kaiser inexplicably argues in response that it "never argued, and the bankruptcy court never held, that the Unreasonable Rate Claim was barred by res judicata." (Br. of Appellees at 37) (emphasis in original). Kaiser's argument that the bankruptcy court simply disallowed the unreasonable rate claim as a contingent claim and not on the grounds of res judicata is directly refuted by Kaiser's own motion and briefing, and by the bankruptcy court's statements on the record.

1.  *The bankruptcy court based its decision on Kaiser's res judicata argument.*

Kaiser specifically argued in its motion for summary judgment that Clark's unreasonable rate claim was barred by res judicata: "The litigation of the merits of the Clark Claims ended more than two years ago, and Clark lost that litigation on the merits. As a result, principles of res judicata preclude **both** the Unauthorized Sale Claim **and the Unreasonable Rate Claim**." (Docket No. 7841 at ¶ 7 (emphasis added)). Kaiser also argued in its brief in support of its motion for summary judgment that Clark's unreasonable rate claim was decided by FERC's decision in the Puget Sound proceeding and that the decision by FERC was a final decision on the merits of the unreasonable rate claim. (Docket No. 7842 at 26-27). This follows Kaiser's argument in its Verified Motion for an Order Disallowing Claims filed by Clark Public Utilities that Kaiser had no outstanding liability with respect to *both* the claims asserted by Clark pursuant to the decision issued by FERC on June 25, 2003 in the Puget Sound proceeding. (Docket No. 7480 at ¶ 16 (emphasis added)). As the pleadings demonstrate, Kaiser's argument for the

disallowance of Clark's claims, including the unreasonable rate claim, was founded in the alleged res judicata effect of FERC's June 25, 2003 order in the Puget Sound proceeding.

Following Kaiser's argument, the bankruptcy court erroneously held that the unreasonable rate claim was barred by res judicata and, thus, disallowed Clark's claims:

> But right now, based on the FERC's decision, I do not see that Clark has an allowable claim. . . . The question really is Clark likely to have any reasonable success on the merits in raising that issue before the FERC, and I think the answer is no. Even if it were not bound by the *res judicata*. But I believe it is bound by *res judicata*. . . . The Debtor, however, still has objections that can be raised in that claims objection process, and **in this instance I think the Debtor has established that their *res judicata* bars that second bite at the apple**, whether it's here or before FERC.

(Docket No. 8444 at 7-8) (emphasis added)).[4]

The bankruptcy court's disallowance of Clark's unreasonable rate claim was clearly founded on res judicata and the alleged preclusive effect of FERC's ruling in the Puget Sound proceeding. As shown in detail in Clark's Brief of Appellant, the bankruptcy court erred in granting the summary judgment and disallowing Clark's claim.

In its brief, Kaiser does not even attempt to address Clark's argument that Kaiser has not met its burden to prove the elements of res judicata and, thereby, has tacitly admitted that the elements of res judicata are not met with respect to the unreasonable rate claim. (*See* Br. of Appellees at 37-38). The bankruptcy court's decision to disallow Clark's claim was based on the application of res judicata, giving preclusive effect to the FERC's decision in the Puget Sound proceeding. Accordingly, the bankruptcy court erred by disallowing Clark's unreasonable rate claim.

---

[4] In addition to showing that the bankruptcy court disallowed Clark's claims on the basis of res judicata, the transcript also shows that the bankruptcy court applied an incorrect test to make the determination before the Court. The bankruptcy court states that the test used to disallow Clark's claim is whether Clark is likely to have any reasonable success on the merits in raising the issue before FERC. (Docket No. 8444 7-8). The court erred by applying this improper test to disallow Clark's claims.

2. *If the bankruptcy court denied the claim based on its alleged contingent nature, the bankruptcy court erred.*

Kaiser's assertion that the bankruptcy court disallowed Clark's unreasonable rate claim as contingent is incorrect and is not supported by the holding of the bankruptcy court. Kaiser selectively quotes the bankruptcy court from the hearing held on January 20, 2006 in support of its argument; however, the complete quotation offers no support for Kaiser's assertions. The bankruptcy court stated:

> With respect to the unreasonable rate issue that is on appeal, I think at this point in time that still means that Clark's claim is subject to disallowance. At best it is a contingent claim at this point. That is clearly disputed. If FERC sets aside that ruling, then I think at that point, Clark may have the right to come back in and reassert a claim based on whatever the FERC ends up deciding. But right now, **based on the FERC's decision**, I do not see that Clark has an allowable claim.

(Docket No. 8181 at 7 (emphasis added)). The excerpt cited by Kaiser, and the remainder of the transcript of the January 20, 2006 hearing as a whole, demonstrates without question that the bankruptcy court disallowed Clark's claim based on res judicata.

Even if the bankruptcy court had not erroneously held that res judicata bars Clark's claim (which it did), there is no basis for the bankruptcy court to disallow the unreasonable rate claim as "contingent." Although the Bankruptcy Code does not define "contingent" with respect to claims, the term is typically understood to mean a claim which becomes due only on the occurrence of a future event. *See Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 300 (2d Cir. 1997); *Avellino & Bienes v. M. Frenville Co., Inc. (In re M. Frenville Co., Inc.)*, 744 F.2d 332, 337 at n. 7 (3d Cir. 1984). There is nothing contingent about Clark's unreasonable rate claim. No future event need take place to bring the claim into existence. Clark's unreasonable rate claim is not contingent, it is merely disputed. There is no basis for disallowing the claim because it is disputed.

Although Kaiser claims that the bankruptcy court disallowed Clark's claim on "traditional principles of bankruptcy law applicable to the claims allowance and disallowance process," Kaiser does not identify these traditional principles or in any way refute Clark's arguments. In fact, the bankruptcy court's disallowance of Clark's claims is directly in conflict with traditional principles of bankruptcy law with respect to the allowance and/or disallowance of claims. Claimants are frequently allowed to litigate their claims for the purpose of fixing the liability of the estate. Where a claimant holds a disputed claim, the Bankruptcy Code provides that such claim shall be litigated. However, Clark has been prevented from litigating the unreasonable rate claim by the enforcement of the automatic stay by the bankruptcy court. In this instance, because the matters involved require material review and interpretation of the FPA, this Court should reverse the bankruptcy court's erroneous disallowance of Clark's claims and refer the matter to FERC for further proceedings.

## CONCLUSION

The last paragraph of Kaiser's argument, wherein Kaiser states that "the disallowance of the Unreasonable Rate Claim avoids bifurcated litigation on the two claims," reflects the true nature of Kaiser's arguments and the proceedings in the bankruptcy case thus far. Kaiser essentially argues that disallowance of Clark's claims is proper because it will allow the Debtor and the bankruptcy court to avoid having to litigate Clark's claims. This is simply not a legitimate reason to disallow Clark's claims. To disallow Clark's claims merely to avoid inconvenient litigation is inequitable, violates the spirit and purpose of the Bankruptcy Code, and, more importantly, amounts to a total violation of due process. As established by Clark, the bankruptcy court's disallowance of Clark's claims should be reversed and these matters referred to FERC for final determinations.

For the reasons set forth above, Clark respectfully requests that this Court reverse the bankruptcy court's March 7, 2006 Order. Clark further requests that this Court grant its motion to withdraw the reference, order Clark's claims to be presented to FERC and order the bankruptcy court to act in a manner consistent with the outcome of Clark's FERC proceedings. In the alternative, Clark requests that the Court reverse the bankruptcy court's order and remand the case to the bankruptcy court for further proceedings, or provide any other relief that the Court deems fit.

Respectfully submitted this 3rd day of October 2006.

DUANE MORRIS

_____
Frederick B. Rosner, Esq.
(ID No. 3995)
1100 North Market Street, Ste. 1200
Wilmington, DE 19801-1246
Tel: (302) 657-4900
Fax: (302) 657-4901

and

BRACEWELL & GIULIANI LLP
William A. Wood, III, Esq.
(Texas Bar ID 21916050)
Warren W. Harris, Esq.
(Texas Bar ID 09108080)
Tracy C. Temple, Esq.
(Texas Bar ID 00793446)
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2781
Tel: (713) 223-2300
Fax: (713) 221-1212

and

George H. Williams, Jr., Esq.
2000 K Street, N.W., Suite 500
Washington, DC 20006
Phone: (202) 828-5800
Fax: (202) 223-1225

Counsel *to Public Utility District No. 1 of Clark County d/b/a Clark Public Utilities*